I ¡BYRNES, Chief Judge.
The plaintiff-appellee, William W. Ro-sen, moved this Court to dismiss as untimely the appeal of the State of Louisiana through the Department of Transportation and Development (“DOTD”).
Mr. Rosen sued the DOTD for personal injuries. Time Insurance Company, Mr. Rosen’s medical insurer, intervened for reimbursement of plaintiffs medical expenses in the stipulated amount of $36,978.78 as special damages. Judgment was signed on July 14, 2000, awarding Mr. Rosen the sum of $250,000.00 in general damages and $51,978.18 for special damages. The reasons for judgment noted that Time Insurance Company had intervened for the reimbursement of the aforementioned $36,978.78 in medical expenses, but the judgment itself failed to make any award to the intervenor. The judgment failed to award the intervenor, Time Insurance Company, the stipulated sum of $36,978.78. A notice of that judgment was issued on July 19, 2000.
The intervenor timely filed a motion for new trial “for reargument only” on July 24, 2000. That motion raised only the issue of the stipulated $36,978.78. The DOTD did not file a motion for new trial. The court set a hearing on intervenor’s motion for new trial for September 29, 2000. On the date set for the hearing, the | ¡intervenor filed an unopposed motion to amend judgment. Also on that same date, the court granted the unopposed motion and signed an amended judgment awarding the intervenor the stipulated sum of $36,978.78. Notice of judgment was issued on October 2, 2000. The DOTD filed a motion and order for suspensive appeal on October 4, 2000. The court signed the order of appeal on October 5, 2000.
Mr. Rosen contends that because the DOTD did not file a motion for new trial the appeal delays for the DOTD commenced to run on July 19, 2000, the date the notice of the judgment signed on July 14, 2000 was issued. The DOTD filed its motion and order for suspensive appeal on the seventy-seventh day after the mailing of the July 19, 2000, mailing of the notice of judgnent. According to Mr. Rosen’s argument, such an appeal would be untimely regardless of whether it was sus-pensive under LSA-C.C.P. art. 2123 or whether this Court exercised its authority to convert the DOTD’s suspensive appeal to a devolutive appeal governed by the delays set forth in LSA-C.C.P. art.2087.
However, if the DOTD is entitled to calculate the appeal delays based on the filing and disposition of the intervenor’s motion for new trial, there is not question that the DOTD’s appeal is timely. Mr. Rosen cites Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La.1973), in support of his contention that the motion for new trial filed by the intervenor did not operate as a motion for new trial for the purpose of calculating DOTD’s appeal delay.
Thurman was decided in 1973. Subsequently, Act 695 of 1987 added paragraph B to LSA-C.C.P. art. 2123:
Whenever one ... part[y] file[$] [a motion] for a new trial ..., the delay *1051 periods specified herein commence for all parties at the time they commence for the party 13whose motion is last to be acted upon by the trial court. [Emphasis added.]
Pursuant to the above quoted language in LSA-C.C.P. art. 2123B, we find that the DOTD is entitled to calculate its appeal delays based on the intervenor’s motion for new trial and disposition thereof by amended judgment. Accordingly, appel-lee’s motion to dismiss the appeal is denied.

MOTION TO DISMISS APPEAL DENIED.