# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-564

**STATE OF LOUISIANA,
DEPARTMENT OF TRANSPORTATION AND DEVELOMENT**

**VERSUS**

**TRIANGLE PROPERTY, LLC, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 25,273 DIV. B
HONORABLE GLEN W. STRONG, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Bernard L. Knobloch, Jr.**
**Attorney at Law**
**P. O. Box 94245**
**Baton Rouge, LA 70804**
**(225) 237-1341**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
　　**State of Louisiana,**
　　**Department of Transportation and Development**

**Donald R. Wilson**
**Wilson & Wilson**
**P. O. Box 1346**
**Jena, LA 71342**
**(318) 992-2104**
**COUNSEL FOR DEFENDANT/APPELLEE:**
　　**W. B. McCartney Oil Company**

**V. Russell Purvis, Jr.**
**Smith, Taliaferro & Purvis**
**P.O. Box 298**
**Jonesville, LA 71343**
**(318) 339-8526**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **CCI Management Corporation**

**J. W. Seibert, III**
**Seibert & Gibbs, P.A.**
**P. O. Box 2038**
**Vidalia, LA 71373**
**(318) 336-9676**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Triangle Property, LLC**

**GREMILLION, Judge.**

The plaintiff, the State of Louisiana through the Department of Transportation and Development, appeals the trial court's order granting a writ of mandamus in favor of the defendant, CCI Management Corporation (CCI). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises out of the State's expropriation of property located in Jonesville, Louisiana. The State filed suit against six different parties in the expropriation proceeding who owned property or operated businesses. Three of those parties, W.B. McCartney Oil Company (McCartney Oil), Triangle Property, L.L.C. (Triangle Property) and CCI, filed reconventional demands.[1]

Following a jury trial in July 2010, CCI was awarded $894,764.00 plus legal interest. McCartney Oil was awarded $558,279.00 plus legal interest. Judgment was filed on August 18, 2010. McCartney Oil filed a motion for additur, or in the alternative, for a new trial or judgment notwithstanding the verdict on August 26, 2010. A hearing was held in December 2010. In its written reasons for judgment filed on February 17, 2011, the trial court stated it would grant the new trial with regard to McCartney Oil, but if the State would consent, it would enter an additur as an alternative to a new trial. The new amount awarded to McCartney Oil would be $1,386,536.51, a figure based on uncontradicted expert testimony at trial. The State did not consent to the additur and requested a new trial. On March 25, 2011, the trial court granted McCartney Oil's motion for new trial and entered judgment in favor of McCartney Oil for $1,386,536.51 plus legal interest. Notice of judgment was mailed on March 29, 2011. CCI filed a petition for a writ of

---

[1] Triangle Property owns the property. It leased a convenience store and retail gasoline station to McCartney Oil, who sub-leased the outfit to CCI. CCI also operated a Subway franchise in connection with the convenience store.

mandamus ordering the State to pay its award under the August 18, 2010 judgment, which the trial court granted.

**ISSUE**

The State argues that because a new trial was granted to McCartney Oil, the judgment as to CCI either is not final or should be held in abeyance pursuant to La.Code Civ.Proc. art. 1971. The State's sole assignment of error is that the trial court erred in finding the August 18, 2010 judgment final as to CCI.

**LAW AND DISCUSSION**

A trial court's decision to grant a new trial, including its "authority to define and limit the scope of the new trial," will not be reversed on appeal absent an abuse of discretion. *Boudreaux v. Wimberley*, 02-1064, p. 5 (La.App. 3 Cir. 4/2/03), 843 So.2d 519, 522, *writ denied*, 03-1251 (La. 9/5/03), 852 So.2d 1037.

Louisiana Code of Civil Procedure Article 1971 states (emphasis added):

A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment *may be held in abeyance as to all parties and issues.*

The State did not appeal the August 18, 2010 judgment in favor of either Triangle Property or CCI. The State's opportunity to appeal was extended well beyond the usual sixty-day period due to McCartney Oil's motion for new trial. Louisiana Code of Civil Procedure Article 2087(C) pertaining to devolutive appeals provides that, "When one or more parties file motions for new trial or for judgment notwithstanding the verdict, the delay periods specified herein shall commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court."[2] Likewise, La.Code Civ.P. art. 2123(B)

---

[2] The State suspensively appealed from the writ of mandamus. Pursuant to La.R.S. 48:459, the proper procedure in expropriation proceedings is to file a devolutive appeal. Nevertheless, in either case, the time delays for appealing had long expired.

2

pertaining to suspensive appeals provides that, "Whenever one or more parties file motions for a new trial or for judgment notwithstanding the verdict, the delay periods specified herein commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court." Thus, the State had sixty days from the date that the trial court ruled on McCartney Oil's motion for additur/new trial, which occurred March 25, 2011. The State has never appealed from the original judgment in favor of CCI nor from the March 25, 2011 grant of McCartney Oil's motion for new trial. It only appealed from the writ of mandamus granted by the trial court on October 5, 2011.

All time delays for appealing had clearly expired when it attempted to hold the judgment against CCI in abeyance because of the new trial granted to McCartney Oil. The State offers little in way of argument in its two-page brief except to note the case of *T.M. Thurman v. Star Electric Supply, Inc.*, 283 So.2d 212 (La.1973). *Thurman* was rendered prior to the amendments to La.Code Civ.P. art. 2087(C) and La.Code Civ.P. art. 2123(B), which essentially allowed all parties an extended period of time in which to appeal when one party files a motion for new trial, even if there are no underlying related issues. *See Boyd v. Allied Signal, Inc.*, 07-1409 (La.App. 1 Cir. 10/17/08), 997 So.2d 111, *writ denied*, 08-2682 (La. 1/16/09), 998 So.2d 105; *Rosen v. State ex. rel. Dept. of Transp. And Dev.*, 01-499 (La.App. 4 Cir. 5/2/01), 785 So.2d 1049. Unfortunately, the State did not avail itself of this opportunity.

The trial court specifically found:

In trying to sort this out, we've got three separate entities who have three separate interests in this property. One is the property owner, the other is the prime lessor, and the third is the sublessor. And the appeal that was taken is as to one of those parties. And what I'm trying to sort out in my mind as you have argued this, and I've looked over the brief, if the Court of Appeals reversed and remanded this matter, could they order a new trial as to the parties who did not

3

appeal?  Could their rights be taken away and start over, since there was no appeal taken as to them.  I don't think so.  I don't think that the Court of Appeals, the only issue that the Court of Appeals would address would be the issue dealing with the one party out of the three that was, where the Court of Appeals review was sought.  So, if you can't change what has already been awarded by the jury, I think those are separable issues.  Those issues have been carved in stone, because they were not appealed.  And Mr. Knobloch's argument was that he's entitled to come back now and stay this matter and possibly come back and get some new appeal delays running, but I don't think you can do that.  I don't think you get to take another bite of that apple. So from my analysis of this case, the only thing that is happening now is the two parties against whom the judgment was not appealed are being stonewalled.  So, the Court is going to make the Writ of Mandamus absolute in this case with regard to the two parties against whom the appeal was not taken.

It is within the trial court's discretion to hold a judgment in abeyance, and it chose not to in this case.  There is no obvious reason to do so since there are no underlying factual issues that are mutually dependent upon resolution.  The State's entire argument in this regard is:

> At the time of the trial the project was under construction and the impact of the project as completed was based in part on the effect of construction activities and not on the effect of the project as planned. The project is now substantially completed and additional facts with respect to the effect of the project on the remaining improvements may be adduced at trial.

We do not find this argument compelling.  A full trial on the merits of this case has already been held.  The State further argues that the trial court erred in failing to notify it that neither the August 18, 2010 judgment nor the March 24, 2011 ruling on the motion for new trial/additur would be held in abeyance; therefore, it was properly appealable as a final judgment.  This argument fails.  A trial court does not have a duty to inform the parties of an action it is not taking.

The State failed to appeal the original judgment, and it failed to appeal when the trial court granted the motion for new trial in favor of McCartney Oil.  Additionally, the trial court did not err in refusing to hold the August 18, 2010 judgment in abeyance.  Accordingly, the trial court did not abuse its discretion in

4

granting the writ of mandamus in favor of CCI. The State is ordered to pay CCI the amount due pursuant to the August 18, 2010 judgment.

## CONCLUSION

The writ of mandamus issued in favor of the defendant-appellee, CCI Management Corporation, is affirmed, and the State is ordered to pay the sums due to CCI Management Corporation. All costs of this appeal are assessed against the plaintiff-appellant, the State of Louisiana through the Department of Transportation and Development in the amount of $7,613.75.

**AFFIRMED**.