I .CARTER, C.J.
Pursuant to Louisiana Revised Statute 15:1187, no prisoner shall bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has on three or more prior occasions while incarcerated or detained in any facility brought an action or appeal in a state court that was dismissed on the grounds that it was frivolous, was malicious, failed to state a cause of action, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical *441 injury. If a prisoner has three dismissals as described in Revised Statute 15:1187 but those dismissals are not yet final, the court may stay proceedings in any prisoner suit or appeal in which the prisoner is proceeding as a pauper until such time as the dismissals become final. La. R.S. 15:1186(F).
On November 17, 1999, we stayed this appeal pursuant to Revised Statute 15:1186(F). Judgments dismissing Richard Lay’s cases as frivolous are now final in three civil actions brought in forma pauperis. In Lay v. State, 98-1759 (La.App. 1st Cir.9/24/99), 744 So.2d 228(unpub-lished), this court affirmed the district court’s dismissal of Lay’s civil claims as frivolous and issued a strike against him pursuant to Revised Statute 15:1187. The Louisiana Supreme Court denied writs. Lay v. First Circuit Court of Appeal, 00-0245 (La.9/15/00), 767 So.2d 705. In Lay v. Lensing, 98-2816 (La.App. 1st Cir.12/28/99), 761 So.2d 807(unpublished), this court dismissed Lay’s civil appeal as frivolous and issued a strike pursuant to Revised Statute 15:1187, and the supreme court denied writs. Lay v. Lensing, 00-0699 (La.11/13/00), 773 So.2d 158. In Lay v. Stalder, the district court dismissed Lay’s civil action as frivolous and assessed a strike. We dismissed his untimely appeal to this court. Lay v. Stalder, 99-0402 (La.App. 1st Cir.3/31/00), 757 So.2d 916. He did not apply for writs to the supreme court from that decision, and the legal deadline for applying has passed.
In light of the three final judgments, we lifted the stay in this matter and ordered Lay, ex proprio motu, to show cause why this appeal should not be dismissed pursuant to Revised Statute 15:1187. in response to this court’s order, Lay contends that Revised Statutes 15:1186 and 1187 are unconstitutional and unconstitutional as applied to him. He further argues that the judgments dismissing his three prior suits and | -¡assessing strikes are null due to application of an unconstitutional standard of review to his federal causes of action.
The constitutionality of a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality must be specially pleaded and the grounds for the claim particularized. Vallo v. Gayle Oil Co., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65. Lay could have brought a declaratory judgment action in the district court challenging the constitutionality of the statute and the constitutionality of the statute applied to him, but he failed to do so. Lay’s attack on the three final judgments, coming for the first time in an appeal of an unrelated matter, is too late. Accordingly, we dismiss this appeal as final at Lay’s costs.
APPEAL DISMISSED.