943 So.2d 1154 (2006)
Rudolph RIGGINS
v.
Baron KAYLO, Warden; Avoyelles Correctional Center; Richard L. Stalder, Secretary, Department of Public Safety & Corrections, and Libby Tigner, Records Analyst.
No. 2005 CA 1900.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
Rudolph Riggins, Cottonport, Plaintiff/Appellant, In Proper Person.
Debra A. Rutledge, Baton Rouge, Counsel for Defendants/Appellees, Richard Stalder, Baron Kaylo, and Libby Tigner.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
CARTER, C.J.
Plaintiff/Appellant, Rudolph Riggins, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, seeks review of the district court judgment affirming the Department's decision in AVC-2002-564 and dismissing with prejudice Riggins's request for judicial review.
Riggins raises two issues for this court's consideration. First, Riggins maintains the Department erred in classifying him as a third felony offender for the purpose of determining his parole eligibility. Second, Riggins contends the district court erred in refusing to consider his challenge to the constitutionality of LSA-R.S. 15:574.4 A, which was raised for the first time on appeal.

Parole Eligibility
Riggins argues his adjudication by the district court as a second felony offender under LSA-R.S. 15:529.1 is binding on the Department in determining his parole eligibility under LSA-R.S. 15:574.4. *1156 The Louisiana Supreme Court has clearly stated that the Department is not bound by a district court's adjudication of a defendant's habitual offender status under LSA-R.S. 15:529.1 when the Department is making calculations to determine parole eligibility under LSA-R.S. 15:574.4. Townley v. Department of Public Safety and Corrections, 96-1940 (La.11/1/96), 681 So.2d 951, 953.
This assignment of error is without merit.

Constitutionality of LSA-R.S. 15:574.4 A
Riggins argues the district court erred in refusing to consider his challenge to the constitutionality of LSA-R.S. 15:574.4 A, which was presented for the first time in his Petition for Judicial Review. When reviewing the Department's final decision, the district court is functioning as an appellate court. See Madison v. Ward, 00-2842 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245, 1255. Pursuant to LSA-R.S. 15:1177 A(5) judicial review of the agency determination "shall be confined to the record" and "limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level." As such, the district court appropriately declined to consider a claim that was not addressed in the administrative proceeding. Madison, 825 So.2d at 1256.
Moreover, a proper challenge to the constitutionality of a statute should first be brought before the district court sitting as a trial court, not as an appellate court. See Lay v. Scott, 98-2615 (La.App. 1 Cir. 10/4/01), 809 So.2d 440, 441. If Riggins wishes to raise such a challenge, he should file suit in district court. See Carter v. Cain, 01-2841 (La.App. 1 Cir. 9/27/02), 828 So.2d 1226, 1228, writ denied, 02-3228 (La.1/30/04), 865 So.2d 64. His suit would then be screened pursuant to the Prison Litigation Reform Act to determine whether it is a matter appropriately raised under the district court's original jurisdiction or whether the pleading is more in the nature of a grievance or complaint against the Department and, therefore, subject to the Corrections Administrative Remedy Procedure. See Madison, 825 So.2d at 1255-1256.
This assignment of error is without merit.

Conclusion
After a thorough review of the record, we find no error in the district court judgment. All costs of this appeal are assessed to plaintiff/appellant, Rudolph Riggins.
AFFIRMED.