PARRO, J.
 

 IgThe defendant appeals a judgment rendered by the district court on judicial review in favor of the plaintiff, reversing and vacating an administrative decision by the defendant in an enforcement action against the plaintiff. For the following reasons, we affirm the judgment of the district court.
 

 
 *307
 

 Factual Background and Procedural History
 

 In 2006, Survey America, Inc., a foreign corporation with its principal place of business in Evansville, Indiana, sent facsimile transmissions to four registered Louisiana surveying firms soliciting price quotes for land survey work needed to be performed in Louisiana. The firms that received the faxes were Louisiana businesses licensed to perform land surveying work in Louisiana. An employee of one of those firms submitted a complaint against Survey America with the Louisiana Professional Engineering and Land Surveying Board (the Board), of which he was a member. The complainant reported that Survey America was not a licensed land surveyor and that by using the symbol of the tripod on its letterhead and using the word “survey” in its business name, Survey America had violated LSA-R.S. 37:700(A)(1) through (7).
 

 Survey America received notice that the Board was considering preferring charges against the corporation for the alleged violations, but at the request of Survey America, an informal conference by telephone was conducted. However, the parties were unable to resolve the matter. Subsequently, by a unanimous vote on September 17, 2007, the Board preferred charges against Survey America pursuant to LSA-R.S. 37:700(D)(1), involving alleged violations of LSA-R.S. 37:681 and 700(A)(1), (7), and (9).
 
 [1]
 

 After a hearing on January 7, 2008, the Board found as a fact that Survey America had never been licensed with the Board as a professional land surveying firm and, therefore, was not authorized to practice and/or offer to practice land surveying in Louisiana. The Board also made the following findings of fact: in 2006, Survey America [¡¡sent faxes to licensed firms in Louisiana soliciting price quotes for the performance of land surveying work in Louisiana; the faxes contained Survey America’s company name, along with a survey tripod icon; and two of the firms responded to the faxes from Survey America, submitted price quotes, were retained by Survey America, performed the work requested, invoiced Survey America for the work, and were paid by Survey America.
 

 Based on Survey America’s actions, the Board concluded that it had jurisdiction, and, relying on LSA-R.S. 37:682(13), which defines the term “practice of land surveying,” the Board concluded that Survey America had practiced and/or offered to practice land surveying in Louisiana. The Board found that Survey America had violated LSA-R.S. 37:681 and 700(A)(1) by practicing and/or offering to practice land surveying in Louisiana and using in connection with its name and otherwise assuming, using, and advertising a description tending to convey the impression that it was licensed in Louisiana and able to perform land surveying work in Louisiana. The Board found that by using a modification or derivative of the words “land surveyor” or “land surveying” in its name or form of business or activity in Louisiana, Survey America violated LSA-R.S. 37:700(A)(7). By using a derivative of the word “surveying” in its firm name in Louisiana, Survey America was considered by the Board to have offered to provide pro
 
 *308
 
 fessional services in Louisiana in violation of LSA-R.S. 37:700(A)(9), by virtue of LAC 46:LXI.2301(B)(1). Accordingly, the Board sustained the charges against Survey America and ordered it to pay a fine of $5,000, as well as $6,087.03 in costs.
 

 From the Board’s decision, Survey America filed a petition for judicial review with the district court.
 
 [2]
 
 After reviewing the administrative record, the district court found that Survey America was not attempting in any way to practice land surveying in Louisiana, or to advertise or to convey that it was a professional land surveying firm. It observed that the faxes clearly indicated that Survey America was seeking the submission of bids for the services of a licensed Louisiana surveyor to perform survey work that it needed to have performed in Louisiana. Louisiana surveyors were [^subsequently hired by Survey America to perform the work. Accordingly, the district court found that the Board clearly abused its discretion in finding that Survey America violated licensing laws, that the Board was without substantial justification in its findings, and that the Board’s actions were arbitrary and capricious and clearly wrong. Judgment was entered in favor of Survey America, reversing and vacating the Board’s decision.
 
 [3]
 
 The Board appeals,
 
 [4]
 
 contending that the district court erred in reversing the Board’s decision in that the record supports that Survey America violated LSA-R.S. 37:681 and LSA-R.S. 37:700(A)(1), (7), and (9) (specifically LAC 46:LXI.2301(B)(1)).
 
 [5]
 

 Discussion
 

 In order to safeguard life, health, and property and to promote the public welfare, any individual in either a public or private capacity, or foreign or domestic firm, practicing or offering to practice professional land surveying, shall be required to submit evidence that he is qualified to so practice and shall be licensed as hereinafter provided. LSA-R.S. 37:681. It shall be unlawful for any person to practice or to offer to practice in this state land surveying, as defined in LSA-R.S. 37:682(13), or to use in connection with his name or otherwise assume, use, or advertise any title or description tending to convey the impression that he is a professional land surveyor, unless such person has been duly licensed under the provisions of LSA-R.S. 37:681 through 703. LSA-R.S. 37:681.
 

 “Practice of land surveying” shall include the measuring of areas, land surfaces, streams, bodies of water, and swamps for correct determination and description, for the establishment, reestablishment, ascertainment, or description of land boundaries, corners, divisions, distances, and directions, the plotting and monumenting of lands and ^subdivisions thereof, and mapping and topographical
 
 *309
 
 work. LSA-R.S. 37:682(18)(a). A person shall be construed to practice or offer to practice land surveying who engages in land surveying and who by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be a land surveyor, or who represents himself as able to perform or who does perform any land surveying service or work, or any other service designated by the practitioner which is recognized as land surveying. LSA-R.S. 37:682(13)(b).
 

 The Board shall have the power to make, adopt, amend, and promulgate all bylaws, rules, and regulations not inconsistent with the constitution and laws of this state, which may be reasonably necessary for the proper performance of its duties,
 
 [6]
 
 and the regulation of the proceedings before it. LSA-R.S. 37:688(A). The Board shall adopt, promulgate, and enforce rules and regulations, which may be reasonably necessary for the protection of the public and proper administration of LSA-R.S. 37:681 through 703. LSA-R.S. 37:688(0(1). These rules and regulations shall be binding on all applicants, land surveyor interns, and professional land surveyors, including all firms which must hold a license.
 
 Id.
 
 The Board may establish, adopt, promulgate, and publish rules and regulations concerning the procurement of land surveying services. LSA-R.S. 37:688(0(2).
 

 Concerning enforcement action against a non-licensee or non-certificate holder, LSA-R.S. 37:700 provides, in pertinent part:
 

 A.The board shall have the power to take enforcement action against any non-licensee or non-certificate holder found by the board to be guilty of any of the following acts or offenses:
 

 (1) Practicing or offering to practice engineering or land surveying in the state of Louisiana without being licensed in accordance with the provisions of this Chapter.
 

 [[Image here]]
 

 (7) The use by any person of the words “engineer” or “engineering” or “land surveyor” or “land surveying” or any modification or derivative thereof in its name or form of business or activity except as licensed under this Chapter or in the pursuit of activities exempted by this [ (¡Chapter.
 

 [[Image here]]
 

 (9) Violation of any provisions of this Chapter or any rules or regulations adopted and promulgated by the board.
 

 [[Image here]]
 

 B. For purposes of this Chapter, the term “enforcement action” shall include but not be limited to a fine in an amount not to exceed five thousand dollars per violation.
 

 C. The board shall have the power to take enforcement action against a firm if one or more of its officers, directors, managers, employees, agents, or representatives is found by the board to be guilty of any of the acts or offenses listed in Subsection A of this Section.
 

 * ⅜ *
 

 J. In addition to any other action, the board may assess all reasonable costs incurred in connection with an enforcement proceeding, including investigators’, stenographers’, and attorneys’
 
 *310
 
 fees in conjunction with any other enforcement action taken. The assessment of costs may be considered enforcement action.
 

 Pursuant to its authority under LSA-R.S. 37:688, the Board promulgated LAC 46:LXI.2301(B), which in pertinent part provides:
 

 A firm must be licensed with the board before it may provide or offer to provide professional services in the state of Louisiana.
 

 1. A firm which has in its title the word engineering or surveying or any derivative thereof shall be construed to be offering to provide professional services and therefore must be licensed with the board before doing business in the state of Louisiana, unless it has in its title modifying or explanatory words which would, in their ordinary meaning, negate the inference of the professional practice of engineering or land surveying.
 

 Based on the actions of Survey America, it seems to be undisputed, and the district court found, that Survey America was not practicing or offering to practice professional land surveying in Louisiana as contemplated by the applicable statutes. Instead, through its requests for a price quote, which the Board sought to punish, Survey America sought to procure the services of a licensed land surveyor to perform land surveying work in Louisiana. By so doing, it was attempting to comply with the requirements of LSA-R.S. 37:681. Therefore, we agree with the district court and find no violation of LSA-R.S. 37:681 or 700(A)(1).
 

 What is disputed by the Board is whether Survey America was trying “to use in 17connection with [its] name or otherwise assume, use, or advertise any title or description tending to convey the impression that [it was] ... a professional land surveyor.” (Emphasis added); see LSA-R.S. 37:681. Even though the word “survey” is used in the name of the business and a survey tripod is used to form the letter “A” in “America,” such use does not tend to convey the impression that Survey America was a professional “land surveyor” or a “land surveying” firm practicing or offering to practice professional land surveying in Louisiana. Therefore, we also agree with the district court that Survey America did not use in connection with its name or otherwise assume, use, or advertise any title or description tending to convey the impression that it was a professional land surveying firm for purposes of obtaining for itself land surveying work in Louisiana. These findings are clearly supported by the record in this case. Accordingly, we find no violation of LSA-R.S. 37:700(A)(7).
 

 With respect to a violation of LSA-R.S. 37:700(A)(9), the Board urges that Survey America’s use of the term “survey” in its title is in violation of LAC 46:LXI.2301(B)(1). However, we read this regulation as prohibiting a land surveyor from doing business as a professional land surveyor in Louisiana until a license has been obtained from the Board. To the extent that LAC 46:LXI.2301(B)(1) may be construed to prohibit a land surveyor, who uses the term “surveying or any derivative thereof,” from conducting any kind of business in Louisiana without a land surveyor license, we find that this regulation is inconsistent with the laws of this state. It would be absurd to think that an out-of-state land surveyor or land surveying firm would have to obtain a Louisiana license merely to procure the services of a land surveyor licensed in Louisiana.
 
 [7]
 
 Further
 
 *311
 
 more, although the Board is authorized by LSA-R.S. 37:688(0(2) to adopt regulations concerning the procurement of land surveying services, we are unable to find any such regulation that would prohibit Survey America, based on its name, from procuring the services of a Louisiana licensed professional land surveyor to perform work for itself or one of its clients. Accordingly, we find no violation of LSA-R.S. |S37:700(A)(9).
 

 Finding no violation of the laws and regulation in question, we find that the district court was acting within its appellate authority in reversing the final decision of the Board.
 
 [8]
 

 See
 
 LSA-R.S. 49:964(G).
 
 [9]
 

 Decree
 

 For the foregoing reasons, we affirm the judgment of the district court on judicial review. Costs of this appeal in the amount of $1,962.06 are assessed to the Louisiana Professional Engineering and Land Surveying Board.
 

 AFFIRMED.
 

 [1]
 

 . Louisiana Revised Statute 37:700(A)(9) provides that the violation of any rules or regulations adopted and promulgated by the Board are considered acts or offenses. The specific rule or regulation alleged to have been violated was LAC 46:LXI.2301(B)(1), which prohibits the practicing and/or offering to practice land surveying and the use of the word "surveying” or any derivative thereof in a firm’s name or form of business or activity in Louisiana without proper licensure.
 

 [2]
 

 .
 
 See
 
 LSA-R.S. 37:700(1); LSA-R.S. 49:964.
 

 [3]
 

 . Survey America’s request for attorney fees, costs, and publication of correction in the Board’s official journal was deferred.
 

 [4]
 

 .
 
 See
 
 LSA-R.S. 49:965.
 

 [5]
 

 . When reviewing a final decision or order of an agency in an adjudication proceeding, the district court functions as an appellate court. Once a final judgment is rendered by the district court, an aggrieved party may seek review of same by appeal to the appropriate appellate court. On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal.
 
 Blanchard v. Allstate Ins. Co.,
 
 99-2460 (La.App. 1st Cir. 10/18/00), 774 So.2d 1002, 1004,
 
 writ denied,
 
 01-0285 (La.3/23/01), 787 So.2d 997;
 
 see
 
 LSA-R.S. 49:964(G).
 

 [6]
 

 . The duty of the Board shall be to administer the provisions of LSA-R.S. 37:681 through 703.
 
 See
 
 LSA-R.S. 37:683(A)(1).
 

 [7]
 

 . We further note that the Board’s duty is to enforce rules and regulations, which may be
 
 *311
 
 reasonably necessary for the protection of the public and for proper administration of LSA-R.S. 37:681 et seq.
 
 See
 
 LSA-R.S. 37:688(A). We fail to see how the enforcement of LSA-R.S. 37:700(A)(9) under the facts of this case serves either of these functions.
 

 [8]
 

 . In so ruling, we do not address the issue of jurisdiction over the person of Survey America.
 

 [9]
 

 . This court must review the district court's judgment in light of the standards set forth in LSA-R.S. 49:964(G). The district court may reverse or modify the agency decision if substantial rights of the appellant are prejudiced because the administrative findings, inferenees, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or (6) not supported and sustainable by a preponderance of evidence as determined by the reviewing court. LSA-R.S. 49:964(G);
 
 Pacificorp Capital, Inc. v. State, Through Div. of Admin.,
 
 92-1729 (La.App. 1st Cir.8/11/94), 647 So.2d 1122, 1125,
 
 writ denied,
 
 94-2315 (La.11/18/94), 646 So.2d 387.