CRAIN, J.
12AAA Safety, Inc., appeals a judgment of the district court affirming an administrative decision, which upheld the proposed imposition of a fine by the State of Louisiana, Department of Public Safety and Corrections, Office of State Fire Marshal. We affirm.
FACTS AND PROCEDURAL HISTORY
In 2009, AAA Safety submitted a bid for annual fire alarm and sprinkler inspections for the Louisiana National Guard’s Camp Minden Training Site. The bid specifically stated that it covered the inspection of fire alarms and sprinklers in designated buildings. AAA Safety did not have a license for installing, inspecting, or certifying fire sprinkler systems. AAA Safety intended to coordinate with a licensed company to perform that portion of the inspection, but did not reveal that intent until after the bid was submitted. Upon learning that AAA Safety was not licensed and intended *712 to use another company to complete the project, the National Guard awarded the contract to another company, despite AAA Safety having submitted the lowest bid.
Thereafter, the State Fire Marshal determined that AAA Safety had violated Louisiana’s Life Safety and Property Protection Licensing Law in submitting the bid to the National Guard. The State Fire Marshal notified AAA Safety of the violation and proposed a fine of $1,500.00 as a civil penalty. AAA Safety appealed and an Administrative Law Judge upheld the imposition of the penalty. AAA Safety then filed a petition for judicial review in the district court pursuant to Louisiana’s Administrative Procedure Act (APA). The district court affirmed the administrative decision. AAA Safety now appeals to this court.
| «DISCUSSION
A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under the APA. See La. R.S. 49:964A. Judicial review is confined to the record, as developed in the administrative proceedings. La. R.S. 49:964F. In conducting its review, the district court functions as an appellate court and may affirm the administrative decision, remand for further proceedings, or reverse or modify the administrative decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6)Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
La. R.S. 49:964G; Dow Chemical Co. Louisiana Operations Complex Cellulose and Light Hydrocarbons Plants, Part 70 Air Permit Major Modifications and Emission v. Reduction Credits, 03-2278 (La.App. 1 Cir. 9/17/04), 885 So.2d 5, 10, writ denied, 04-3005 (La.2/18/05), 896 So.2d 34.
The manifest error test is used in reviewing the facts as found by the administrative tribunal; the arbitrary and capricious test is used in reviewing the administrative tribunal’s conclusions and its exercise of discretion. Save Ourselves, Inc. v. Louisiana Environmental Control Com’n, 452 So.2d 1152, 1159 (La.1984). On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review of questions of law and renders judgment on the record. Louisiana All Star Baseball Corp. v. State ex rel. Dept. of Rev. Office of Charitable Gaming, 11-0408 (La.App. 1 Cir. 9/14/11), 77 So.3d 288, 293. An “arbitrary” decision shows disregard of evidence or of the proper weight thereof, while a “capricious” decision has no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Where the law *713 allows for the agency or tribunal to exercise discretion, the plain language of Section 964 indicates that such exercise must be neither abusive nor clearly unwarranted. Cedyco Corp. v. Dept. of Natural Res., 07-2500 (La.App. 1 Cir. 7/23/08), 993 So.2d 271, 275.
Once a final judgment is rendered by the district court, an aggrieved party may seek review of that judgment by appeal to the appropriate appellate court. La. R.S. 49:965. The appellate court reviews the findings and decision of the administrative agency, not the decision of the district court, and therefore owes no deference to either the factual findings or legal conclusions of the district court, just as the Louisiana Supreme Court owes no deference to the factual findings or legal conclusions of the state’s courts of appeal. Survey America, Inc. v. Louisiana Professional Engineering, 09-0286 (La.App. 1 Cir. 2/10/10), 35 So.3d 305, 308 n. 5; Maraist v. Alton Ochsner Med. Found., 02-2677 (La.App. 1 Cir. 5/26/04), 879 So.2d 815, 817-18. Consequently, this court will conduct its own independent review of the record as provided by Section 964G. Cf. Doc’s Clinic, APMC v. State, Dept. of Health and Hasp., 07-0480 (La.App. 1 Cir. 11/2/07), 984 So.2d 711, 719, writ denied, 07-2302 (La.2/15/08), 974 So.2d 665.
On appeal, AAA Safety advances arguments regarding whether its submission of the bid was a violation of certain rules set forth in the Louisiana Administrative Code. The original notice of violation issued to AAA Safety by the State Fire Marshal referenced Louisiana Administrative Code 55:V:3041.A.10. However, the State Fire Marshal rescinded that notice of violation and issued a new and corrected notice of violation, referencing statutory provisions of Louisiana’s Life Safety and Property Protection Licensing Act, set forth in Louisiana Revised Statutes 40:1664.1, et seq. As these provisions are the basis for the fine and the administrative ruling before us, we consider the arguments regarding their interpretation and application.
In 2009 (the time of the alleged violation), the State Fire Marshal was authorized to impose a fine in an amount not to exceed $5,000.00 upon finding that a person or firm had violated any provision of the Life Safety and Property Protection Licensing Act. La. R.S. 40:1664.14B (2009). Within that Act, Louisiana Revised Statute 40.T664.4A provided:
No person or firm shall engage in life safety and property protection contracting without holding a current and valid license issued by the fire marshal as provided in this Subpart. Life safety and property protection contracting is divided into the three main categories of fire sprinkler, fire protection, and security. Each operating location of a firm shall hold a separate firm license. (Emphasis added.)
Among the prohibited acts listed by Louisiana Revised Statute 40:1664.12 was engaging in life safety and property protection contracting without a valid license. Louisiana Revised Statute 40:1664.3 set forth definitions of terms within the Act, including:
(37) “Life safety and property protection contracting” means performing certification, inspection, installation, integration, sale, or service of mechanical locking, special locking, security, fire sprinkler, fire alarm, fire suppression, or other fire systems and equipment. Life safety contracting includes but is not limited to the sale, lease, rent, planning with the intent to prewire, prewiring, hydrostatic testing, |fimaintenance, repair, testing, modification, improvement, or alteration of life safety systems and equipment; holding oneself or one’s firm *714 out for hire to perform any such task; or otherwise offering to perform any such task for compensation, either directly or indirectly. Notwithstanding any other provision of this Subpart, no person licensed under this Subpart may install primary power sources of one hundred volts or greater when such power source is being installed to operate low voltage systems unless licensed by the State Licensing Board for Contractors to perform such installations. (Emphasis added.)
The definition provided in Section 1664.3(37) was amended by Acts 2010, No. 984, section 1, and now clearly provides that “life safety and property protection contracting” includes holding oneself or one’s firm out for hire to perform any of the listed tasks. AAA Safety argues that this amendment effected a substantive change in the law and cannot be retroactively applied. Accordingly, AAA Safety argues that the 2009 version of the law applies herein and that the statute must be strictly construed to have defined two distinct terms — “life safety and property protection contracting” and “life safety contracting.” Under that construction, “life safety contracting” included holding oneself or one’s firm out to perform the described tasks, but “life safety and property protection contracting” did not. Therefore, AAA Safety argues, the 2009 version of the statutes did not authorize a fine for holding oneself or one’s firm out to perform the described tasks.
The interpretation of any statutory provision begins with the language of the statute itself. Oubre v. Louisiana Citizens Fair Plan, 11-0097 (La.12/16/11), 79 So.3d 987, 997. When a provision is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. Civ.Code art. 9; La. R.S. 1:4; Oubre, 79 So.3d at 997. Unequivocal provisions are not subject to judicial construction; words and phrases are to be read in their context and accorded their generally understood meaning. La. Civ.Code |7art. 11; La. R.S. 1:3; Oubre, 79 So.3d at 997, Courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to and preserving all words can legitimately be found. Oubre, 79 So.3d at 997.
Statutes that set forth a violation that can result in assessment of a civil penalty in the form of a fine are penal in nature and must be strictly construed. See Louisiana Board of Ethics v. Holden, 12-1127 (La.App. 1 Cir. 6/25/13), 121 So.3d 113, 118; Doc’s Clinic, 984 So.2d at 732-33. Courts will not construe penal statutes as extending powers not authorized by the letter of the law even if such powers would be arguably within its spirit. Gibbs Const. Co., Inc. v. State, Dept. of Labor, 540 So.2d 268, 269 (La.1989). However, even when strictly construing criminal statutes under the rule of lenity,[1] the rule is not to be applied with such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which is to ascertain and enforce the true meaning and intent of the statute. See State v. Petitto, 10-0581 (La.3/15/11), 59 So.3d 1245,1250.
At the outset, we note that AAA Safety argues for strict construction of Section *715 1664.3(37), which sets forth a definition to be used in an overall licensing scheme, but does not, in and of itself, authorize a penalty. Nonetheless, even applying a strict construction to the 2009 version of Section 1664.3(37), we find no merit to AAA Safety’s arguments.
Section 1664.3 provided that “the following terms” would have the meanings specified therein and included a numbered list of terms further identified by quotation marks. The only term so identified as number “37” was “life safety and property protection contracting.” That term specifically included “performing 18certification, inspection, installation, integration, sale, or service of mechanical locking, special locking, security, fire sprinkler, fire alarm, fire suppression, or other fire systems and equipment.” A plain reading of the statute further reflects that “life safety contracting” was included within the definition of “life safety and property protection contracting” and specifically included holding oneself or one’s firm out to perform the described tasks.
Our interpretation of the 2009 version of Section 1664.3 is supported by Louisiana Revised Statute 40:1664.9A, which must be read in pari materia with Section 1664.3. La. Civ.Code art. 13. Section 1664.9A set forth that “life safety” and “property protection” were categories of “life safety and property protection contracting,” stating:
License endorsements are separated into the two general categories of Property Protection and Life Safety. The Property Protection category is subdivided into the Technical Endorsements of Locksmith, Special Locking, and Security. The Life Safety category is subdivided into the Technical Endorsements of Fire Sprinkler, Fire Suppression, Fire Alarm, Fire Other, and DOT Hydrostatic Testing. Technical endorsements may further be divided into specialty endorsements. A technical endorsement holder is authorized to perform all life safety and property protection contracting authorized by the specialty endorsements within the specific technical endorsement category. Specialty endorsement holders are limited to only life safety and property protection contracting authorized by that specialty endorsement.
Even a strict construction of Section 1664.3(37) requires the interpretation that “life safety and property contracting” included “life safety contracting,” which specifically included “holding oneself or one’s firm out for hire to perform” the tasks described. The plain language of the statute supports this interpretation, as opposed to that offered by AAA Safety, which would essentially provide that those actions included within “life safety contracting” were specifically excepted from the definition of life safety and property contracting and its licensing requirements.
[ Considering the foregoing, we find no merit to AAA Safety’s argument that the amended version of the statute was incorrectly applied or that the 2009 version of the statutes did not require that it hold a license to hold itself out for hire to perform sprinkler inspections. We further find no merit to AAA Safety’s argument that the 2009 version of the statutes, and particularly Section 1664.3(37), were vague and ambiguous.[2]
*716 AAA Safety also contends that it cannot be considered to have held itself out to perform the fire sprinkler inspections by the sole act of submitting a bid to inspect a fire sprinkler system. We disagree. AAA Safety bid $2,550.00 to “inspect fire alarms and [s]prinklers.” Nowhere on the bid does it indicate that this work would be performed by another entity. Rather, the bid must be interpreted to be the amount for which AAA Safety would perform the work in question. The determination that this amounted to AAA Safety holding itself out to perform the sprinkler inspections was not erroneous.
CONCLUSION
After reviewing this matter pursuant to the standard set forth in Louisiana Revised Statute 49:964G, we affirm the judgment of the district court. Costs of this appeal are assessed to AAA Safety, Inc.
AFFIRMED.

. The rule of lenity requires that any doubt as to the interpretation of a statute upon which a prosecution is based must be resolved in favor of the accused. State v. Small, 11-2796 (La. 10/16/12), 100 So.3d 797, 811. The touchstone of the rule of lenity is statutory ambiguity. Moskalv. U.S., 498 U.S. 103, 107, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990).

. Although AAA safety argues that Section 1664.3(37) was unconstitutionally vague, a proper challenge to the constitutionality of a statute should first be brought before the district court sitting as a court of original jurisdiction, not as an appellate court. Riggins v. Kaylo, 05-1900 (La.App. 1 Cir. 9/15/06), 943 So.2d 1154, 1156. Finding no error in the rulings of the administrative decisions based *716 on the applicable statutory provisions, we do not address this issue any further.