CRAIN, J.
|2Mary Ann Holmes appeals the district court’s judgment affirming the final order of the Louisiana State Board of Nursing (the Board), which revoked her nursing license. We affirm.
FACTS
In October of 2010, Holmes was licensed by the Board by examination to practice as a Registered Nurse (RN) in Louisiana. Holmes began working as an RN at Glen-wood Regional Medical Center in West Monroe. She was terminated from that position in August of 2011 for inappropriate behavior, which included yelling at coworkers, pushing a co-worker, and behaving in a rude and insubordinate manner.
Holmes’ nursing manager at Glenwood Regional reported Holmes’ behavior to the Board, which began an investigation. The Board provided Holmes with an informal notice setting forth the allegations against her. The notice indicated that if the allegations were proven, they would constitute violations of the Nurse Practice Act and the rules and regulations promulgated by the Board, authorizing the Board to take disciplinary action that could include license revocation. At Holmes’ request, a formal hearing was conducted before the Board. After the presentation of evidence, the Board met in executive session, and then rendered its decision to accept the proposed findings of fact and law submitted by the prosecuting attorney and ordered that Holmes’ nursing license be revoked.
Holmes filed a petition for judicial review of the Board’s order in the district court pursuant to the Administrative Procedure Act (APA). After reviewing the administrative record and considering the arguments of the parties, the district court rendered judgment affirming the Board’s order. Holmes now appeals to this court.
J^DISCUSSION
A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under the APA. See La. R.S. 49:964A. Judicial review is confined to the record, as developed in the administrative proceedings. La. R.S. 49:964F. In conducting its review, the district court functions as an appellate court and may affirm the administrative decision, remand for further proceedings, or reverse or modify the administrative decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
*187 La. R.S. 49:964G; Dow Chemical Co. Louisiana Operations Complex v. Reduction Credits, 03-2278 (La.App. 1 Cir. 9/17/04), 885 So.2d 5, 10, writ denied, 04-3005 (La.2/18/05), 896 So.2d 34.
The manifest error test is used in reviewing the facts as found by the administrative tribunal; the arbitrary and capricious test is used in reviewing the administrative tribunal’s conclusions and its exercise of discretion. Save Ourselves, Inc. v. Louisiana Environmental Control Com’n, 452 So.2d 1152, 1159 (La.1984). On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review of questions of law and renders judgment on the record. Louisiana All Star Baseball Corp. v. State ex rel. Dept. of Rev. Office of Charitable Gaming, 11-0408 (La.App. 1 Cir. 9/14/11), 77 So.3d 288, 293. An “arbitrary” decision shows disregard of evidence or of the proper weight thereof, while a “capricious” decision has no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Where the law allows for the agency or tribunal to exercise discretion, the plain language of Section 964 indicates that such exercise must be neither abusive nor clearly unwarranted. Cedyco Corp. v. Dept. of Natural Res., 07-2500 (La.App. 1 Cir. 7/23/08), 993 So.2d 271, 275.
Once a final judgment is rendered by the district court, an aggrieved party may seek review of that judgment by appeal to the appropriate appellate court. La. R.S. 49:965. The appellate court reviews the findings and decision of the administrative agency, not the decision of the district court, and therefore owes no deference to either the factual findings or legal conclusions of the district court, just as the Louisiana Supreme Court owes no deference to the factual findings or legal conclusions of the state’s courts of appeal. Survey America, Inc. v. Louisiana Professional Engineering, 09-0286 (La.App. 1 Cir. 2/10/10), 35 So.3d 305, 308 n. 5; Maraist v. Alton Ochsner Med. Found., 02-2677 (La.App. 1 Cir. 5/26/04), 879 So.2d 815, 817-18. Consequently, this court will conduct its own independent review of the record as provided by Section 964G.[1] Cf. Doc’s Clinic, APMC v. State, Dept. of Health and Hosp., 07-0480 (La.App. 1 Cir. 11/2/07), 984 So.2d 711, 718-19, writ denied, 07-2302 (La.2/15/08), 974 So.2d 665.
|i;On appeal, Holmes raises several assignments of error contending that the procedure employed by the Board in rendering its decision violated her rights under the APA, as well as state and federal constitutions. She complains about the prosecuting attorney drafting the findings of fact and conclusions of law and the Board’s acceptance of those findings and conclusions without deliberation, arguing that these actions violated due process rights and rights to a fair hearing before an impartial tribunal.
A nursing license has been recognized as a constitutionally protected property interest. See Cranford v. Louisiana State Bd. of Practical Nurse Examiners, 08-0209 (La.App. 4 Cir. 10/1/08), 996 So.2d 590, 604. The Fourteenth Amendment to the United States Constitution prohibits a state from depriving any person of life, liberty, or property, without due process of law. In addition, Article I, section 2 of the *188 Louisiana Constitution provides “[n]o person shall be deprived of life, liberty, or property, except by due process of law.” Although less formal than judicial proceedings, disciplinary proceedings for nurses are required to be conducted in accordance with considerations of fair play and constitutional requirements of due process. LAC 46:XLVII:3407A. The Louisiana Supreme Court has cautioned that “[i]n light of the substantial powers given to administrative bodies, the courts must be vigilant in assuring that parties in administrative adjudications receive the procedural protections our law affords.” Allen v. Louisiana State Bd. of Dentistry, 543 So.2d 908, 915 (La.1989).
The administrative record reflects that Holmes was provided with notice of the charges against her and provided an opportunity to be heard at the formal hearing. At the hearing, E. Wade Shows served as the prosecutor for the Board and presented evidence to support the charges against Holmes. Holmes appeared at the hearing with counsel and was afforded the opportunity to cross-examine the | ^witnesses against her and also the opportunity to produce evidence rebutting the charges. At the conclusion of the hearing, Shows offered proposed findings of fact and conclusions of law. Holmes did not object. After meeting in executive session for deliberations, the Board voted to accept the proposed findings of fact and conclusions of law.
Holmes contends that this case reflects the same injustice found in Allen, 543 So.2d at 915. In Allen, it was determined that the agency’s decision was the secret product of its prosecutor, and that the commingling of prosecutorial and adjudicative functions violated both the APA and the due process goals it was designed to further. Allen, 543 So.2d at 914-915. The record here does not support such a determination.
The APA governs disciplinary proceedings against nurses, and requires that the Board’s final decision be in writing or stated on the record, and include findings of fact and conclusions of law. La. R.S. 49:958; LAC 46:XLVII:3407A. The APA specifically recognizes that parties may submit proposed findings of fact and conclusions of law, providing that the final decision includes a ruling upon each proposed finding. La. R.S. 49:958. Shows submitted proposed findings -of fact and conclusions of law to the Board. The submission was made on the record, rather than ex parte as in Allen. Holmes made no objection. The Board then concluded the hearing to deliberate in executive session. There is no evidence that Shows participated in the Board’s deliberations or acted improperly. Thereafter, the Board reconvened in open session and made its ruling on the record. Notably, in addition to proposing findings of fact and conclusions of law, the document submitted by Shows included the proposed sanction of suspending Holmes’ nursing license. Contrary to Holmes argument that Shows exerted improper |7influence over the Board, the Board rejected that proposed sanction, instead voting to revoke Holmes’ nursing license. The Board then issued its own final order.
Holmes also complains that the findings of fact in the Board’s final order differ from those proposed by Shows, but the Board failed to discuss those changes. Holmes argues that this must be construed to mean that the final order was not the product of a neutral decision maker. We find no support in the record for Holmes’ arguments. The record reflects that the Board met in executive session to consider the evidence presented. The Board members then voted on the proposed findings *189 of fact and conclusions of law and to revoke Holmes’ nursing license. We find that the variations between the proposed and final findings of fact and conclusions of law confirm that the Board issued its ruling based on its own independent deliberation, and that its decision was not the secret product of the prosecutor, as in Allen.
Holmes also argues that the Board failed to properly discuss the evidence and deliberate before voting to revoke her license. This argument is without merit. The record reflects that the Board went into executive session to conduct its discussion and deliberation. Its final order sets forth its modification and adoption of the proposed findings of fact and conclusions of law, all of which is in compliance with Section 958.
Holmes complains that the revocation of her nursing license violates state and federal constitutional prohibitions against double jeopardy because evidence was introduced of her prior criminal history. See U.S. Const. Amend. V; La. Const. Art. 1, § 15. The Board’s findings of fact recite that Holmes was convicted of disturbing the peace in 1989 and paid a fine; pled guilty to interfering with an officer in 1988 and paid a fine; and pled guilty to theft and aggravated assault in 1986 and served five days in jail. The findings of fact further set forth that the | sBoard originally denied approval of Holmes’ application for licensure as an RN because she had pled guilty to a crime of violence (aggravated assault). However, a settlement order was entered whereby Holmes was approved to take the licensing examination. Holmes contends that consideration of this prior history in this disciplinary proceeding “allowed double jeopardy to ensue and an unfair prejudice and bias to be waged against [her].”
Both the federal and state constitutions provide that no person shall twice be put in jeopardy of life or liberty for the same offense. U.S. Const. Amend. V; La. Const. art. I, § 15. The Double Jeopardy Clause protects the accused against multiple criminal punishments for the same offense, as well as a second prosecution for the same offense after acquittal or conviction. See Hudson v. U.S., 522 U.S. 93, 99, 118 S.Ct. 488, 493, 139 L.Ed.2d 450 (1997); State v. Petitto, 12-1670 (La.App. 1 Cir. 4/26/13), 116 So.3d 761, 772, writ denied, 13-1183 (La.11/22/13), 126 So.3d 477. Both criminal and civil sanctions may be imposed with respect to the same act or omission without violating Double Jeopardy guarantees; however, the civil sanction must not be so divorced from any remedial goal that it constitutes punishment for purposes of jeopardy analysis. Butler v. Department of Public Safety and Corrections, 609 So.2d 790, 795 (La.1992). In determining whether a criminal prosecution and another penalty in a separate proceeding violate double jeopardy, this court employs a two-part test utilized by the United States Supreme Court. First, were the proceedings intended to be criminal or civil in nature? Second, were the proceedings so punitive in form and effect as to render them criminal, despite legislative intent to the contrary? To satisfy the latter prong, the “clearest proof’ is necessary to show that the sanction is criminal and not civil. State v. Duncan, 98-1730 (La.App. 1 Cir. 6/25/99), 738 So.2d 706, 710 (quoting United States v. Ursery, 518 U.S. 267, 289, 116 S.Ct. 2135, 2147-2148, 135 L.Ed.2d 549 (1996)); see also Millsap v. Cain, 09-0511 (La.App. 1 Cir. 10/23/09), 2009 WL 3452891.
The legislature has determined “that the practice of nursing by qualified indiriduals is necessary to protect the *190 public health, safety, and welfare of the citizens of this state.” La. R.S. 37:911A. Furthermore, it is in the public interest that the practice of nursing by an RN be regulated. La. R.S. 37:91133. The Board exists, in part, to protect the public interest against licensed professionals who violate the standards of nursing, whether intentionally, negligently, or from the absence of the emotional and psychological ability to cope with the demands of the profession. See Cranford, 996 So.2d at 604. Revocation of a nurse’s RN license in a disciplinary proceeding is not so divorced from the remedial goal of regulating the practice of nursing that it amounts to a second criminal punishment for the same offense in violation of double jeopardy. Cf. Louisiana State Bd. of Medical Examiners v. Booth, 76 So.2d 15, 19-20 (La.App. 1 Cir.1954) (holding that a proceeding to enjoin medical practice without a license following prosecution for practicing medicine without a license was civil in nature and did not violate double jeopardy); see also Butler, 609 So.2d at 797 (holding that driver’s license suspension provision of Louisiana’s Implied Consent law is remedial in nature and does not constitute a second punishment for the same offense in violation of double jeopardy); In re Soileau, 502 So.2d 1083, 1086 (La.1987) (finding that double jeopardy did not apply to disciplinary proceedings against a judge); Pullin v. Louisiana State Racing Commission, 484 So.2d 105, 105-106 (La.1986) (characterizing a proceeding before the Louisiana State Racing Commission that resulted in suspension of a racing license as civil); Allen v. Louisiana State Bd. of Dentistry, 603 So.2d 238, 242 (La.App. 4 Cir.1992) (characterizing an administrative proceeding that could result in loss of dental license as civil). Thus, |inHolmes’ rights were not violated when the Board considered her prior criminal history as evidence in the disciplinary proceeding, even after considering it in deciding whether she should be issued a nursing license.[2]
Likewise, we find no merit to Holmes’ argument that the revocation of her nursing license constitutes cruel and excessive punishment in violation of the Eighth Amendment to the United States Constitution and Article I, section 20 of the Louisiana Constitution. Although a punishment may result from a civil proceeding, the revocation at issue is a remedial measure in furtherance of the state’s interest in protecting the public health, safety, and welfare of Louisiana’s citizens. See La. R.S. 37:911 A; Austin v. U.S., 509 U.S. 602, 606-610, 113 S.Ct. 2801, 2804-2805, 125 L.Ed.2d 488 (1993). Accordingly, revocation of a nursing license in a disciplinary proceeding does not violate the constitutional prohibition against cruel and excessive punishment. Cf. City of New Orleans v. Benson, 95-1505 (La.App. 4 Cir. 11/30/95), 665 So.2d 1196, 1200-01.
Finally, Holmes complains about the proof offered to substantiate the charges against her and the punishment imposed. She argues that the most significant witness against her was Debra Hammons, who offered only hearsay accounts of the complained of incidents without any documentation. She further argues that Lisa Jones embellished her account of the incidents between the two of them in an attempt to have the Board revoke Holmes’ license. She contends that even if proven, the revocation of her nursing license is not *191 commensurate to the charges levied against her.
After independent review, we find no merit to Holmes’ arguments regarding the proof offered to support the charges against her. Debra Hammons was Holmes’ immediate supervisor at Glen-wood Regional and testified regarding |nHolmes’ ongoing behavioral problems with other employees. Hammons testified she received multiple complaints regarding Holmes, resulting in others refusing to work with Holmes and patients becoming insecure regarding staff and the care they were providing. Hammons herself witnessed Holmes yelling at people at work and explained that Holmes was written up and counseled about her behavior with regard to other staff members. Hammons believed that termination was warranted after her investigation confirmed a report that Holmes’ behavior escalated to the point of shoving a secretary, Lisa Jones, into a chair. Jones testified and described Holmes yelling, placing her hands on Jones’ shoulders, shaking Jones, pushing Jones into a chair, then pushing the chair across the nurses’ station while instructing Jones to input data into the computer. Additional witnesses testified that Holmes was difficult to work with and that Holmes’ behavior disrupted the entire floor on which Holmes worked. Jeremy Tinnerello, Glenwood Regional’s Chief Nursing Officer, testified that he investigated the complaints against Holmes and believed that termination was necessary based on the pattern of disruptive behavior Holmes exhibited.
The Board is tasked with protecting the public by regulating the practice of nursing and has the discretion to revoke nursing licenses upon proof of certain grounds for discipline, including being unfit or incompetent by reason of negligence, habit, or other cause such as failure to utilize appropriate judgment. La. R.S. 37:911A; La. R.S. 87:921; LAC 46:XLVII:3405A. Although Holmes testified denying the incident with Jones and generally denying the charges against her, the Board credited the testimony of the other witnesses over Holmes. Considering this, the record developed in the administrative proceeding supports the Board’s conclusion that Holmes was unfit or incompetent and failed to utilize appropriate judgment. The Board’s resulting decision to revoke Holmes’ nursing 112license was neither arbitrary nor capricious and was supported by the evidence and law.
Finding that the Board’s findings and the disciplinary action taken do not violate constitutional or statutory provisions, are not in excess of the Board’s authority, were not made upon unlawful procedure and were not affected by error of law and were not arbitrary, capricious, or characterized by abuse of discretion, we affirm. See La. R.S. 49:964G;
CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court. Costs of this appeal are assessed to Mary Ann Holmes.
AFFIRMED.
WHIPPLE, C.J., signed with permission.
WELCH, J., signed with permission.

. Holmes has framed her assignments of errors on appeal as errors by the district court in failing to address certain issues and in affirming the Board's decision. As we review the findings and decisions of the Board, not the district court, we will consider the merits of the issues raised as they relate to the findings and decisions of the Board, in accordance with Section 964G.

. We further note that the Board is not bound by strict rules of procedure or other laws of evidence in the conduct of its proceedings. La. R.S. 37:922D.