McCALLUM, J.
This Court is called upon to determine the outcome of a horse race. Specifically, this litigation regards which horse-"Coalport" or "Benwill"-won the September 6, 2014, "Unbridled Stakes" at Louisiana *650 Downs racetrack in Bossier Parish, Louisiana. The appellees are Kenneth Ramsey and Sarah Ramsey (the "Ramseys"), who own Coalport. The appellant is the Louisiana State Racing Commission (the "Commission").
The parties agree that Coalport was the first horse to finish the race. However, the Louisiana Downs stewards initiated an inquiry as to whether Coalport fouled Benwill (by drifting in front of him so as to impede or interfere with his course or speed), and thereby changed the outcome of the race. Additionally, Donnie Meche, Benwill's jockey, filed an objection after the race whereby he raised the same issue. The Board of Stewards for Louisiana Downs (the "Stewards") determined that Coalport fouled Benwill, and that, but for the foul, Benwill would have won the race. On that basis, Coalport was demoted to second place and Benwill was declared the official winner. The Ramseys appealed to the Commission, which affirmed the Stewards' decision.[1] Thereupon, the Ramseys appealed to the 26th Judicial District Court, which reversed the Commission and reinstated Coalport as the winner. In so doing, the trial court held: (1) the Commission applied the wrong standard of review, which was more deferential than the preponderance standard which the Commission should have used; and (2) the evidence was insufficient to support a finding that Coalport's foul of Benwill altered the outcome of the race.
In this appeal, the Commission urges the following assignments of error: (1) the trial court erred in finding that the Commission's decision was not supported by a preponderance of the evidence; (2) the trial court erred in determining that the Commission applied the incorrect burden of proof; and (3) the trial court failed to give the Commission any deference regarding its determinations of witness credibility.
The Ramseys concede that Coalport fouled Benwill; the point of contention is whether the outcome of the race would have been different but for the foul.
DISCUSSION
Law
Substantive law. The governing substantive law is as follows:
A leading horse is entitled to any part of the track, but if any horse swerves, or is ridden to either side, so as to interfere with or impede any other horse, it is a foul. The offending horse may be disqualified, if in the opinion of the stewards the foul altered the finish of the race, regardless of whether the foul was accidental, willful or the result of careless riding.
35 La. Admin. Code Pt. V, 7901.
Standard of review in district court . The Louisiana Administrative Procedure Act (the "APA") includes La. R.S. 49:964 ("Section 964"), which governs judicial review of administrative adjudications. Subsection (G) thereof provides the bases on which the district court may reverse the agency's decision, as follows:
The court may affirm the decision of the agency or remand the case for further *651 proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues. (Emphasis added).
Any one of the six grounds listed in La. R.S. 49:964(G) is sufficient to modify or reverse an agency decision. Doc's Clinic, APMC v. State ex rel. Dept. of Health & Hosps., 2007-0480 (La. App. 1 Cir. 11/2/07), 984 So.2d 711, 718.
However, the authority to review facts de novo comes with a limitation: if the agency "has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not," the reviewing court must give "due regard" to the agency's determination of credibility issues. Furthermore, judicial review is generally confined to the record, as developed in the administrative proceedings. La. R. S. 49:964(F).
The Louisiana jurisprudence reflects two opposing views regarding the standard of review applicable in an APA case before a court of appeal. Below, we examine each of line of authority separately. For reference purposes only, we designate them the "prevailing view" and the "minority view."
Prevailing view. In Odom v. S. Nat. Gas Co. , 46,598 (La. App. 2 Cir. 8/17/11), 72 So.3d 437, 443, this Court stated:
Under the Administrative Procedure Act, LSA-R.S. 49:964(G), the district court and court of appeal may reverse or modify the agency's determination if the substantial rights of the party seeking review have been prejudiced because the administrative findings, inferences, conclusions or decisions are (1) in violation of constitutional or statutory provisions, (2) in excess of the agency's statutory authority, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence in the record. Smith v. State , supra ; Bailey v. EnerVest , supra. (Emphasis added).
Accord Jones v. S. Nat. Gas Co. , 46, 347 (La. App. 2 Cir. 4/13/11), 63 So.3d 1080, writ not cons. , 2011-1242 (La. 9/23/11), 70 So.3d 800. It must be noted that Section 964(G), by its terms, applies to "the court"-it does not say that it applies to "the district court and court of appeal." That interpretation is apparently the statutory *652 basis for the majority view that, in APA cases, courts of appeal conduct de novo review.
In Smith v. State Dept. of Health & Hosps. , 39, 368 (La. App. 2 Cir. 3/2/05), 895 So.2d 735, writ denied , 2005-1103 (La. 6/17/05), 904 So.2d 701, this court stated:
When reviewing an administrative final decision in an adjudication proceeding, the district court functions as an appellate court. Once a final judgment is rendered by the district court, an aggrieved party may seek review of same by appeal to the appropriate appellate court. On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal.
Accord Bailey v. Enervest Operating Co., LLC, 45, 553 (La. App. 2 Cir. 6/30/10), 43 So.3d 1046 ; Jones, supra ; Odom, supra ; Clark v. Louisiana State Racing Comm'n , 2012-1049 (La. App. 4 Cir. 12/12/12), 104 So.3d 820, 826-7, writ denied , 2013-0386 (La. 4/1/13), 110 So.3d 589 ; Spears v. Louisiana Bd. of Practical Nurse Examiners , 16-587 (La. App. 5 Cir. 6/15/17), 223 So.3d 679 ; Holmes v. Louisiana State Board of Nursing , 2013-2154 (La. App. 1 Cir. 8/5/14), 156 So.3d 183, 187 ; Mayo v. Municipal Police Bd. of Review , 98-1864 (La. App. 1 Cir. 11/5/99), 745 So.2d 188.
This Court, as well as the First Circuit and the Fourth Circuit, has further stated that the appellate court reviews the agency's decision, not that of the district court. Smith, supra ; Holmes, supra ; Clark, supra.
Minority view . In Multi-Care, Inc. v. State Dept. of Health & Hosps., 2000-2001 (La. App. 1 Cir. 11/9/01), 804 So.2d 673, the First Circuit, applying La. R.S. 49:964(G)(6) (as amended by Acts 1997, No. 128 § 1), held that the appellate court does "defer to the trial court's factual determinations and use[s] a manifest error standard of review where the Legislature has empowered... [the trial court]...with the function of fact-finding." Id. at 675. Accord St. Martinville, LLC v. Louisiana Tax Comm'n , 2005-0457 (La. App. 1 Cir. 6/10/05), 917 So.2d 38. The Multi-Care court relied on Virgil v. American Guarantee & Liab. Ins. Co., 507 So.2d 825, 826 (La. 1987).
Analysis
We have reviewed the evidence in the record and hold that the trial court's decision must be affirmed regardless of which standard of review we use. The trial court committed no manifest error, and its decision to reinstate Coalport was supported by a preponderance of the evidence. Our decision herein does not depend on which standard of review is applied to this case; it would be the same regardless.
We agree with the learned trial judge's assessment of the race. While Coalport did foul Benwill, such did not alter the outcome of the race. This is due primarily to the relative speeds of the horses and the proximity of the foul's occurrence to the location of the finish line. Benwill was gaining on Coalport at the end of the race, but not at a fast enough rate to overtake him before the finish line, even had the foul not occurred. The videos of the race show that the foul occurred very close to the finish line, thus limiting its effect to such a degree that it did not and could not have caused a change in the outcome of the race. The testimony of David Hooper, the only witness accepted as an expert by the Commission, provided insight into the precise point at which the foul began. Accordingly, the Commission's argument that the trial court's decision *653 was not supported by a preponderance of the evidence lacks merit.
The Commission's argument that the trial court erred in not granting "due regard" to the Commission's credibility determinations is erroneous. The district court is, in effect, bound by Section 964(G)(6) to use a preponderance of the evidence standard upon judicial review of factual findings. The Commission is therefore required to use the same standard. Instead, however, the transcripts indicate that the Commission informally adopted the same standard of review used by the National Football League. Chairman Wright of the Commission elaborated that the Commission will not reverse decisions by stewards unless it is "clearly reversible-indisputable." Additionally, the motion to uphold the Stewards' decision, which carried unanimously, was phrased as follows: "I would like to make a motion that we uphold the stewards' ruling. I have seen no indisputable evidence that would change my mind."
The Commission's application of the wrong standard of review rendered inapplicable the directive of Section 964(G)(6) to give "due regard" to the Commission's credibility determinations. "Where one or more trial court legal errors interdicted the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence." Evans v. Lungrin , 97-0541 (La. 2/6/98), 708 So.2d 731, 735. Evans applies by analogy in the APA context. Because the Commission applied the wrong standard of review, and such could easily have influenced its decision, the Commission's credibility determinations are not entitled to any deference.
Accordingly, the Commission's assignment of error regarding the trial court's finding that the Commission used the incorrect standard of review lacks merit, as does the assignment that the trial court should have given deference to the Commission's credibility determinations.
DECREE
The judgment of the trial court is affirmed. Appellate costs are not assessed. La. R.S. 13:4521.
AFFIRMED.

There were actually two hearings held before the Commission. At the first hearing, the Ramseys' expert witness, David Hooper, was unavailable, as was Rosie Napravnik, Coalport's jockey. The Commission refused to grant the Ramseys a continuance, and proceeded to affirm the stewards without first considering the testimony of Hooper or Napravnik. Thereafter, the trial court ordered the Commission: (1) to allow the Ramseys to introduce this testimony; and (2) reweigh the evidence in light thereof and render a new decision accordingly. After the second hearing, the Commission affirmed its prior decision.