# LOUISIANA
# COURTS OF APPEAL REPORTS
## VOLUME 7

## CASES ARGUED AND DECIDED IN THE COURTS OF APPEAL OF LOUISIANA

No. 2919

Second Circuit

PALMETTO OIL CO. v. BETHANY OIL & GAS CO.

(June 28, 1927. Opinion and Decree.)
(July 9, 1927. Application for Rehearing.)
(July 25, 1927. Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Obligations Par. 99, 100—Mineral Rights, Par. 7.**

An agreement made in regard to an oil lease giving the lessor certain options because of pending litigation involving the title to the land under the lease is not a suspensive condition nor is the obligation to transfer the lease in suspense during the pendency of the litigation.

  (See definition of Suspensive Condition in Kent vs. Davis Bros. Lumber Co., 122 La. 1046, 48 So. 451. Editor's Note.)

2. **Louisiana Digest—Mineral Rights, Par. 5, 10.**

A lessee in accepting the asignment of an oil lease with knowledge of the fact that the title to the property was involved in litigation was bound to maintain the lease in effect by paying rentals and could not permit the lease to lapse for non-payment of rentals and thereby have itself relieved of the obligation to pay the purchase price.

3. **Louisiana Digest—Mineral Rights, Par. 7, 11.**

Where, because of pending litigation, the lessee gives the lessor in an oil lease

certain options dependent upon the outcome of the litigation, the duty of pressing the litigation is upon the lessor holding title, and the lessor, who makes no effort to press the litigation cannot avoid liability on the lease by reason of his default.

4. **Louisiana Digest—Mineral Rights, Par. 11, 12.**

The lessee of an oil lease under which the title to the land is in litigation has an equitable right to suspend the term of lease but, where a special agreement has been made in regard to the pending litigation, he has not the right to rescind the lease.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Palmetto Oil Company against Bethany Oil & Gas Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

John B. Files, of Shreveport, attorney for plaintiff, appellee.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellant.

WEBB, J. In this action Palmetto Oil Company obtained judgment against the defendant, Bethany Oil & Gas Company, in the sum of two thousand dollars, from which judgment defendant appeals.

The facts upon which plaintiff based its action are admitted by the parties and are in substance as follows:

The Palmetto Oil Company having acquired from various individuals oil and gas leases covering about four hundred and fifty acres of land in the state of Texas, assigned the same, insofar as the gas rights were affected, to S. V. Oeland, and, after the assignment to Oeland, it entered into negotiations with the Bethany Oil & Gas Company, a corporation organized under the laws of this state and domiciled in Caddo parish, to assign to the latter the leases, insofar as the oil rights were affected, and to have S. V. Oeland assign them, insofar as the gas rights were affected, for a consideration of six thousand dollars; but, pending the negotiations, it was discovered that the title of plaintiff's lessors as to an undivided interest in one of the tracts of eighty acres covered by the leases to be assigned was involved in a suit pending in the state of Texas (in which neither the Palmetto Oil Company nor S. V. Oeland were parties) and, in view of this situation, the Palmetto Oil Company wrote defendant on March 4th, 1921, in which it referred to the pending litigation and with reference to which it declared:

"Now, therefore, we hereby stipulate and agree to asign to you with warranty as to the purchase price the oil and gas leases now held by us insofar as it covers the oil rights thereunder, and to guarantee to you the assignment of the gas rights on said lands now held by S. V. Oeland on the following terms, to-wit:

"You to pay two thousand ($2,000.00) dollars to us upon the termination of the litigation favorable to our rights. In the event the litigation is adverse to our rights, then it is optional with you to accept the assignment and pay the consideration above mentioned. In the event the litigation is partly adverse to our rights and affects only a part of our interest to the land, it is optional with you to take an assignment of the part not affected by said litigation and to pay us for same pro rata; you to pay the consideration and accept the assignment as soon as the litigation is terminated favorable to our rights in the court of Panola county in which the action is now being brought.

"In the event the litigation is terminated adversely to our rights, or partly adverse to our rights, then within five days thereafter you are to exercise your option to take the assignment, or a partial assignment, to the lands not affected, or reject same."

The Palmetto Oil Company and S. V. Oeland assigned the various leases, including that covering the land involved in litigation, to the Bethany Oil & Gas Company, which assignments were recorded on March 25th, 1921, in the county where the lands were situated.

On November 17th, 1923, plaintiff obtained from the parties contesting the title to the lands leased to it a ratification and tendered same to defendant and demanded that defendant pay it the amount of two thousand dollars, and defendant refusing, plaintiff filed a suit to recover judgment for the amount claimed, which suit was dismissed on an exception of no cause of action, and thus the matter stood until about June 4th, 1924, when defendant wrote plaintiff to the effect that it had delayed having the litigation terminated, stating:

"You may accept this letter as a formal legal demand to terminate this litigation favorably to you within thirty days from this date. Otherwise, we shall consider the arrangement about this $2,000.00 forfeited altogether and will decline to pay you the $2,000.00. Your failure to terminate this litigation within thirty days from this date will put you in legal default, and that is the purpose of this letter."

To which plaintiff answered dissenting from the implied construction placed by defendant on the agreement.

The litigation involving the title terminated in favor of the lessors of plaintiff in September, 1925, and this suit was filed June 1st, 1926.

It was also admitted that the lease which was affected by the litigation involving the title of plaintiff's lessors had decreased in value since July 3rd, 1924, and that plaintiff had refused to accept a return or reassignment of the lease covering the land involved in the litigation in lieu of two thousand dollars, and it was further admitted that the lease covering the lands involved in the litigation would have expired by limitation at the date of the termination of the litigation, but that it had in fact been kept alive by reason of developments on other lands covered by leases which had been assigned to defendant by plaintiff at the same time that the lease involved in litigation had been assigned, and evidence was introduced showing that plaintiff had insisted on the attorneys representing its lessors in the litigation involving the title to try the cause, but that the attorneys not representing plaintiff ignored the request and acted as they deemed best for the interest of the persons whom they represented, and let the matter take its course, and court being held in the county where the litigation was pending only twice a year the cause was not tried until the date stated above.

The defense originally interposed and insisted upon here is that the agreement contemplated that the litigation involving the title to the property covered by the lease would be terminated in a reasonable time, and in support of that contention the defendant argues that the nature of the lease or object of the contract was not a permanent thing and under the admission that it would have expired by limitation (in default of drilling operations on the lands covered by the lease) prior to the date of the actual termination of the litigation, it must be held that a reasonable time was contemplated by the parties in which the litigation should terminate, although the agreement did not fix any time,

and that the litigation having pended for four years, the defendant had the right to rescind the agreement by placing plaintiff in default.

In other words, the defendant suggests that the stipulation was in its nature a suspensive condition and that it must be presumed that the parties contemplated the event would happen before the object of the agreement ceased to exist; and while the position appears to be plausible, yet we do not think that under the facts admitted the stipulation should be considered as a suspensive condition or that the obligation to transfer the lease was in suspense, as the admitted fact is that the lease was transferred.

And from that point of view the stipulation, we think, should be regarded as merely an agreement between the parties that in event the final termination of the litigation affected the title to the property covered by the lease assigned, together with other leases, for a consideration of six thousand dollars, that a certain proportion of the purchase price would be withheld.

As we view the transaction, the defendant, in accepting the assignment of the lease with knowledge of the fact that the title to the property covered by the lease was involved in litigation, was bound to maintain the lease in effect, at least insofar as the lease required the payment of rentals, and defendant could not have permitted the lease to lapse for such cause and thus have relieved itself of the obligation to pay the purchase price; and the record title to the lease having been placed in defendant and the stipulation not providing as to who should press the litigation, we think the plaintiff holding the title was in better position to do so, and if it was in the contemplation of the parties that the litigation was to be pressed to an early conclusion, and that the object of the agreement should have ceased to exist by reason

of failure to press the litigation, defendant, who does not pretend to have attempted to have the litigation terminated could not have complained or have avoided liability by reason of its default.

The lessors in the lease which was assigned, warranted their title to the property covered by the lease, and bound themselves to defend same, and if it be true that the lessee could not be held under such circumstances to develop the lease, we think that as against the lessors the lessee should have an equitable right to suspend the term of the lease (Thornton, 4th Ed. No. 906) and considering the agreement of the parties which provides that defendant should have the option of taking an assignment of the lease insofar as it covered that part of the land not affected by the litigation (which we assume to be the interest of the lessors) and considering the stipulation from this point of view, it cannot be said the agreement contemplated that the suit would be pressed to an early termination or in default thereof that the option granted to defendant to acquire the lease insofar as it was good as to the interests of the lessors as finally fixed by the termination of the litigation would expire before that time, and if the agreement was to remain in effect as to the defendant until the termination of the litigation, it must have been contemplated that it would remain in effect as to the plaintiff until such time.

Without considering the effect of the ratification of the lease by the parties who were contesting the title of the original lessors to the land covered by the lease, which was obtained by plaintiff long prior to the termination of the litigation involving the title, which plaintiff also urges in support of its right to recover, as that question seems to have been concluded in a former suit, we are of the opinion that the plaintiff is entitled to recover, and the judgment is affirmed.