Dear Mr. Stanley:
Your request for an Attorney General's opinion has been referred to me for research and reply. Specifically, you ask whether pursuant to La.R.S. 28:53(L) the obligation to transport a subject who has not been committed under a Physician's Emergency Certificate (PEC) is solely that of the peace officer or whether such responsibility can be allocated to the ambulance service.
La.R.S. 28:53(L) authorizes a peace officer to place a person into protective custody and transport such person to a treatment facility[1]
for medical evaluation and care in the absence of and without the necessity of a PEC.[2] The statute provides in its entirety:
 L.(1) A peace officer or a peace officer accompanied by an emergency medical service trained technician may take a person into protective custody and transport him to a treatment facility for a *Page 2 
medical evaluation when, as a result of his personal observation, the peace officer or emergency medical service technician has reasonable grounds to believe the person is a proper subject for involuntary admission to a treatment facility because the person is acting in a manner dangerous to self or others, is gravely disabled, or is in need of immediate hospitalization to protect such a person or others from physical harm. The person may only be transported to one of the following:
 (a) A community mental health center.
 (b) A public or private general hospital.
 (c) A public or private mental hospital.
 (d) A detoxification center.
 (e) A substance abuse clinic.
 (f) A substance abuse in-patient facility.
 (2) Upon arrival at the treatment facility, the escorting peace officer shall then be relieved of any further responsibility and the person shall be immediately examined by a physician, preferably a psychiatrist, who shall determine if the person shall be voluntarily admitted, admitted by emergency certificate, or discharged.
 (3) In the case of a person suffering from substance abuse and where any of the above facilities are unavailable, the peace officer and emergency medical service technician may use whatever means or facilities available to protect the health and safety of the person suffering from substance abuse until such time as any of the above facilities become available. In taking a person into protective custody the peace officer and emergency medical service technician may take reasonable steps to protect themselves. A peace officer or emergency medical service technician who acts in compliance with this section is acting in the course of his official duty and cannot be subjected to criminal or civil liability as a result thereof.
The above provisions are part of Louisiana's Mental Health Law, La.R.S. 28:1, et seq. In reviewing these provisions and considering the scheme envisioned by the legislature under The Mental Health Law, we are of the opinion that La.R.S. 28:53(L) gives a peace officer discretionary authority to take a person into protective custody, when, as a result of his personal observation, the officer has reasonable grounds to believe that the person is dangerous to self or others, gravely disabled, or in need of immediate hospitalization to protect such person or others from physical harm. The statute also provides that a peace officer *Page 2 
accompanied by an emergency medical service trained technician (EMTs) may take a person into protective custody under the listed conditions.
In State of Louisiana v. Derrick Allen, 07-1688 (La.App. 1 Cir. 2/20/08), officers were dispatched to the intersection of Winbourne Avenue and Plank Road because of a report that a male suspect was in the street. When the officers arrived at the scene, they discovered Allen wearing only boxer shorts and rolling around on the side of the road. According to one of the officers, Allen was babbling incoherently and acting in a bizarre manner. EMS was summoned because of the possibility that Allen had sustained an injury in an earlier traffic accident and needed a medical evaluation.
The court in Allen noted that because the defendant became combative and uncooperative with the EMS paramedics attempting to evaluate him for injury, the police properly placed the defendant in protective custody in accordance with La.R.S. 28:53(L).
Based on the law and the foregoing information, it is the opinion of this office that when a peace officer takes a person into protective custody for medical evaluation under La.R.S. 28:53(L), the decision to retain an ambulance staffed by EMTs to assist in the assessment and transport lies with the discretion of the peace officer.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Claudeidra Minor
 Assistant Attorney General
 JDC:CM:Irs
[1] For purposes of the Louisiana Mental Health Law, a "treatment facility" is defined as "any public or private hospital, retreat, institution, mental health center, or facility licensed by the state in which any mentally ill person or person suffering from substance abuse is received or detained as a patient. La.R.S. 28:2(29)(a). It should be noted that the statutes specifically prohibit the incarceration of someone in a prison or jail solely because he or she is mentally ill. "[N]o person solely as a result of mental illness or alcoholism or incapacitation by alcohol shall be confined in any jail, prison, correctional facility, or criminal detention center. This shall not apply to persons arrested, charged, or convicted under Title 14 of the Louisiana Revised Statutes . . ." La.R.S. 28:50(6).
[2] A PEC is a "Physician's Emergency Certificate," which constitutes "legal authority to transport a patient to a treatment facility and shall permit the director of such treatment facility to detain the patient for diagnosis and treatment for a period not to exceed fifteen days, and to return the patient to the facility if he is absent with or without permission during authorized periods of detention." La.R.S.28:53(F). A PEC may be issued by "any physician, psychiatric mental health nurse practitioner, or psychologist," but "only after an actual examination of a person alleged to be mentally ill or suffering from substance abuse who is determined to be in need of immediate care and treatment in a treatment facility because the examining physician, psychiatric mental health nurse practitioner, or psychologist determinesthe person to be dangerous to self or others or to be gravely disabled."La.R.S. 28:53(B)(1).