Dear Ms. Richard:
Our office received your opinion request concerning executive session. According to the information you have provided, the Crowley Municipal Fire and Police Civil Service Board (Board) held a public hearing for Fire Captain Terry Romero on December 16, 2009. The Board went into executive session to discuss the facts presented. Your opinion request asks our office to address whether it was proper to go into executive session to discuss facts presented at a hearing.
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies . . . except in cases established by law." The Open Meetings Law, which can be found at La.R.S. 42:4.1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to observe the deliberations of public bodies. As provided for in La.R.S. 42:5, "[e]very meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2."
La.R.S. 42:6.1(A)(1) permits the Board to go into executive session to discuss the "character, the professional competence, or physical or mental health" of a person. According to the December 16, 2009 Board minutes, the disciplinary hearing concerned the suspension of the Fire Captain. More specifically, the minutes indicate that the Fire Captain was suspended for breaking the chain of command and failing to maintain harmony within the department. The Board heard evidence concerning the allegations, including the testimony of six individuals. After the evidence was presented, the Board went into executive session.
The focus of discussion, the issue of breaking the chain of command and failure to maintain internal harmony, involves the Fire Chief's professional competence, and for *Page 2 
this reason, we believe that discussion could properly fall within the exception to the Open Meetings Law found at La.R.S. 42:6.1(A)(1).[1]
You have indicated that the Office of State Examiners has advised you that it may have been improper to go into executive session in light of La. Atty. Gen. Op. No. 94-47. We believe this opinion can be distinguished from the situation you have presented. La. Atty. Gen. Op. No. 94-47 involved the specific question of whether or not deliberations of the Slidell Municipal Police Civil Service Board were "judicial proceedings" exempt from the Open Meetings Laws. This office concluded that the Slidell Municipal Police Service Board was not a judicial agency and must comply with the Open Meetings Laws. However, the issue of other potential exceptions is briefly addressed in this opinion:
We note an exception to the requirement of an open meeting when there is an "investigative proceedings regarding alleged misconduct" or when there is a discussion of the character, professional competence, or physical or mental health of a person. However, your inquiry indicates this is not the situation under consideration for you state testimony is taken, and following conclusion of the testimony the Board will "retire behind closed doors in executive session to deliberate and consider the decision."
La. Atty. Gen. Op. No. 94-47.
Further details are not provided about the opinion request itself, but the opinion specifically recognizes that the open meetings exception for discussion of the character, professional competence, or physical or mental health of a person was inapplicable based on the particular inquiry involved.
Although only mentioned in passing in describing the procedural history in the case of City of Kenner v. Kenner Municipal Fire Police ServiceBoard, it was observed that before making a final determination on the matter before it, the Kenner Municipal Fire Police Civil Service Board went into executive session after hearing parties' arguments on the appropriateness of the termination of a Kenner firefighter.[2] A similar passing reference is found in Sandifer v. The Louisiana State Board ofPractical Nurse Examiners, an unreported decision, which concerned the use of executive session by a board in an administrative hearing when the licensee specifically requested the hearing be held in open.[3] The court, in dicta, noted that without Ms. Sandifer's request to hold the hearing in the open, it would have been permissible for the Board of Practical Nurse *Page 3 
Examiners to enter into executive session for the discussion of professional competence.[4]
From the information you have provided, there have not been any allegations that the requirements of La.R.S. 42:6.1(A)(1) were not followed with respect to the December 16 actions of the Board, and there is no evidence that the Fire Chief desired for the discussion of his professional competence to take place in open session. Therefore, it is the opinion of this office that it was proper to enter into executive session after a disciplinary hearing to discuss the facts of the case, and how it applied to an individual's character or professional conduct, in accordance with La.R.S. 42:6.1(A)(1).
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] Please note that in order for a public body to properly hold an executive session utilizing this provision, the clear language of La.R.S. 42:6.1(A)(1) requires that the individual whose character, professional competence, or physical or mental health is being discussed be notified in writing of the executive session discussion at least twenty-four hours before the meeting, and that person may request that such discussion be held at an open meeting.
[2] 09-465, p. 5 (La.App. 5 Cir. 1/12/10), 31 So.3d 473, 476.
[3] 07-1131 (La.App. 1 Cir. 3/26/08) (unpublished).
[4] Id. at 9.