# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-172 consolidated with 12-171

**STATE IN THE INTEREST OF B.J.G.B., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 24075 C/W 23106
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

Stephen A. Berniard, Jr.
Raggio, Cappel, Chozen & Berniard
P. O. Box 820
Lake Charles, LA 70601
Telephone: (337) 436-9481
COUNSEL FOR:
    Appellee - State of Louisiana, Office of Community Services

Nicholas Pizzolatto, Jr.
Louisiana Department of Children & Family Services
4250 5th Avenue
Lake Charles, LA 70607
Telephone: (337) 475-3037
COUNSEL FOR:
    Appellee – Louisiana Department of Children & Family Services

Ronald Augustin Rossitto
District Attorney – 14th Judicial District Court
P. O. Box 3206
Lake Charles, LA 70602
Telephone: (337) 437-3400
COUNSEL FOR:
    Appellee - State of Louisiana

**James Wade Smith**
**P. O. Box 1706**
**Lake Charles, LA 70602**
**Telephone:  (337) 436-8424**
**COUNSEL FOR:**
  **Appellant - J. J. B. (Father)**

**Douglas K. Hall**
**1011 Lakeshore Drive – Suite 316**
**Lake Charles, LA 70601**
**Telephone:  (337) 564-6722**
**COUNSEL FOR:**
  **Appellee - J. M. B. (Mother)**

**Mark Semien**
**One Lakeside Drive, Suite 1585**
**Lake Charles, LA 70601**
**COUNSEL FOR:**
  **Appellees - B. J. B. (child), D. W. B. (child), and S. C. B. (child)**

**THIBODEAUX, Chief Judge.**

In this termination of parental rights case, J.J.B., Jr. argues that the trial court erred by refusing to grant a continuance of the termination hearing. J.J.B., Jr.'s criminal trial was scheduled for the same week as the termination hearing. Nevertheless, the trial court received assurances from the division of the court involved in the criminal matter that it would be highly unlikely for J.J.B., Jr.'s criminal trial to occur the same week as his termination hearing. For the following reasons, we find no error in the trial court's refusal to grant the continuance.

I.

**ISSUE**

We shall consider whether J.J.B., Jr.'s due process rights were violated where the trial court denied J.J.B., Jr.'s motion to continue the termination of J.J.B., Jr.'s parental rights hearing, where J.J.B., Jr.'s criminal trial was scheduled to occur the same week as his termination hearing, and where the trial court received assurances from the criminal division that J.J.B., Jr.'s criminal trial would not occur the same week as the termination hearing.

II.

**FACTS**

J.J.B., Jr. is the father of three children, B.J.G.B., D.W.B., and S.C.B., who were originally taken into the State's custody in February of 2010 because of alleged sexual abuse. J.J.B., Jr. and his wife were each given a case plan. Except for undergoing sexual offender assessment, J.J.B., Jr. substantially complied with his case plan up until his incarceration in February of 2011. J.J.B., Jr. refused to undergo the sexual offender assessment on advice of the attorney who represented him in the criminal matter.

All of the children suffer from psychological/psychiatric problems, including ADHD and autism. J.J.B., Jr. and his wife supplied the names of persons who could potentially care for the children, but none of those persons proved to be acceptable to the State for various reasons. Thus, after J.J.B., Jr. and his wife's incarceration, the State filed a petition for adoption certification and termination of parental rights.

In September 2011, the court held a termination of parental rights hearing during which J.J.B., Jr. requested a continuance. J.J.B., Jr. argued that the criminal trial on sexual abuse charges was scheduled the same week as the termination hearing, and, therefore, J.J.B., Jr.'s due process rights would be violated. The trial judge then checked with the criminal division of the court which gave assurances to the judge that the criminal matter would not be tried that week. This was because J.J.B., Jr.'s matter was number three on the criminal docket, and numbers one and two would have to be tried first. Thus, after receiving these assurances, the trial judge denied J.J.B., Jr.'s request for continuance.

After the trial on the merits, the trial court terminated J.J.B., Jr.'s parental rights, and J.J.B., Jr. appealed. In his appeal J.J.B., Jr. does not argue that the trial court committed a manifest error by holding that the State proved its case by clear and convincing evidence. Instead, J.J.B., Jr. argues that the trial court erred by denying him a continuance and, thereby, deprived him of his due process rights. We now consider the matter.

III.

### STANDARD OF REVIEW

In the case of parental rights termination, an appellate court reviews the trial court's denial of a continuance for abuse of discretion. *S.J.G. v. A.A.G.*, 07-625 (La.App. 1 Cir. 9/19/07), 970 So.2d 1022.

IV.

## LAW AND DISCUSSION

The State must not take a person's life, liberty, or property without due process of law. U.S. Const. amends. V & XIV. The due process clause protects a person's freedom to engage in activities that involve fundamental rights. *See Allain v. Martco P'ship*, 02-1796 (La. 5/23/03), 851 So.2d 974.

> The people of Louisiana recognize the family as the most fundamental unit of human society; that preserving families is essential to a free society; that the relationship between parent and child is preeminent in establishing and maintaining the well-being of the child; . . . that the role of the state in the family is limited and should only be asserted when there is a serious threat to the family, the parents, or the child; and that extraordinary procedures established by law are meant to be used only when required by necessity and then with due respect for the rights of the parents, the children, and the institution of the family.

La.Ch.Code art. 101. Thus, because J.J.B., Jr.'s parental rights were terminated in this case, the due process inquiry is appropriate. The question this court faces is how much process is due to J.J.B., Jr. and the answer depends on the circumstances of the deprivation. *See Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976). The court must consider the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335, 96 S.Ct. at 903 (citing *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011 (1970)).

Here, J.J.B., Jr.'s interest in remaining the father of his three children is paramount, indeed. Nevertheless, the risk of an erroneous deprivation in this case is

minimal. J.J.B., Jr. had notice and opportunity to be heard. The record reveals that during the termination hearing he was not questioned regarding criminal matters, with the exception of public information, such as the charges against him. Furthermore, as the trial court observed, J.J.B., Jr.'s criminal trial did not occur at the same time as the termination hearing. Therefore, J.J.B., Jr. should not have had difficulties being present at both trials.

Finally, while the State's fiscal and administrative burdens would pale in comparison with J.J.B., Jr.'s interest, they are not insignificant. When a hearing day is rescheduled, witnesses must be contacted anew, attorneys must prepare again, and so on.

Therefore, because the risk of erroneous deprivation was so low in this case, this court concludes that J.J.B., Jr. received all the process that was due to him in this matter. The trial court committed no error by denying J.J.B., Jr.'s motion to continue.[1]

V.

## CONCLUSION

Based on the above considerations, the trial court's judgment terminating J.J.B., Jr.'s parental rights to B.J.G.B., D.W.B., and S.C.B. is affirmed.

**AFFIRMED.**

---

[1]Because J.J.B., Jr. did not brief the issue of whether the trial court committed a manifest error by holding that the State proved by clear and convincing evidence that his parental rights should be terminated, we do not consider this question. *See* Uniform Rules-Courts of Appeal, Rule 2-12.4.

4