CRAIN, J.
| aThe plaintiff appeals a summary judgment that dismissed her suit alleging breaches of an employment contract. We affirm.
FACTS
The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (LSU) hired the plaintiff, Dr, Althea Ashe, in 1987 as an instructor in the Department of Foreign Languages and Literatures, Dr. Ashe received a “term appointment,” meaning her employment was for a specified period of time, as coritrasted to a “tenured appointment,” which is more indefinite in duration and offers a track to á tenured teaching position. The parties signed a written contract stating that Dr. Ashe’s “term-appointment is effective August 18, 1987, through December 16, 1987.” On the reverse side of the one-page contract is an excerpt from LSU’s Bylaws and Regulations that, in relevant part, provides, “Upon expiration of a term appointment, the employee is a free agent to whom the University System has no obligation.”[1]
The four-month contract signed-in 1987 is the only written agreement ever executed by the parties.. According to Dr. Ashe, when she inquired in. 1988 about whether she would need to sign another written contract, she was told.that she was on a “rolling contract” and to. assume that, unless otherwise informed, the terms of the 1987 • contract remained the-same except for the class schedule.
Dr. Ashe was reappointed every year thereafter on an annual basis, which means each reappointment was for a term of one academic year, until her “terminal appointment” in August 2010, when, according to LSU, Dr. Ashe was appointed for a four-month term ending on December 17, 2010. In an email dated September 20, 2010, LSU informed Dr. Ashe that her appointment was being extended to |a January 21, 2011; however, in that same communica *231 tion, LSU advised her that she would not be reappointed, so her employment with LSU would terminate on January 21, 2011. Dr. Ashe remained employed with LSU until January 20, 2011, and she received all compensation and benefits due through that date.[2]
Dr. Ashe filed suit against LSU alleging that it breached her employment contract by terminating her appointment before it expired and by failing to give her sufficient advance notice that she would not be reappointed. Dr. Ashe alleged that following her initial 'appointment, LSU had always reappointed her for a one-year term, and she was never informed of any changes to her contract regarding the length of her appointment. Dr. Ashe also cited language in the regulations appearing on the reverse side of her contract stating that instructors “shall be on an annual appointment.” With respect to notice, Dr. Ashe relied upon a provision in the same regulations that, in relevant part, provides:
When an employee is not to be reappointed, written notice to the employee will ordinarily be provided ... [a]t least 12 months before the expiration of an appointment after two or more years of service on that campus.[3] .
LSU answered the suit and denied any liability. -The suit record reflects no further filings by the parties for several years until LSU filed a motion for summary judgment seeking a dismissal of the claims. LSU asserted in the motion that Dr. Ashe could not prove the existence of a one-year contract commencing in August 2010, or that she had a right to receive written notice twelve months in advance of the nonrenewal of her final -appointment.
14LSU submitted the .affidavit, of Margaret Singer, the- executive-director of the Office of Human Resource Management for LSU, who attested that Dr. Ashe was given an initial term appointment from August 18, 1987, through December 16, 1987. According to Singer, Dr. Ashe’s employment continued, thereafter, with the first notable change occurring in 2003, when, at Dr. Ashe’s request, she became a part-time instructor, a status she, would maintain for the remainder of her employment at LSU. Singer further attested that Dr. Ashe’s final term appointment was from August 16, 2010, to January 21, 2011 (extended from December 17, 2010), and that Dr. Ashe was given notice on September 20, 2010, that she would not be reappointed after January 21, 2011. According to Singer, LSU has a longstanding practice of providing part-time academic staff with at least thirty days notice if they will not be reappointed.
The exhibits attached to Singer’s affidavit included the September 20, 2010 email from LSU notifying Dr. Ashe that her appointment that began • on August 16, 2010, was being extended to January 21, 2011, but that it would not be renewed thereafter. Also attached to the affidavit were records maintained by LSU reflecting Dr. Ashe’s employment status, appointment term, and compensation at various times during her employment. One of those documents indicates that Dr. Ashe’s *232 final term appointment was from August 16,2010, through January 21,2011,
An excerpt of LSU’s regulations was also included in the attached exhibits, and that excerpt, which apparently is a more recent version of the regulations duplicated on the back of the 1987 contract, does not contain any statement about annual appointments for instructors, but the excerpted regulations do provide that members of part-time academic staff shall be given term appointments only, not exceeding one academic or fiscal year. Like the previous version, these | ^regulations also stated that after two or more years of service on the same campus, an employee would ordinarily be provided written notice of non-reappointment at least twelve months before the expiration of an appointment.[4]
In response, Dr. Ashe asserted that her final appointment was for a term of one year. She introduced only two items of evidence in support of that claim: the 1987 contract, which she maintained was for a one-year term, and the following statement in her affidavit:
When I inquired in 1988 about whether I would need to sign another written contract, I was told that I was on a “rolling contract” and to assume that, unless otherwise informed, the terms of the contract remained the same except for the class schedule. For twenty-four years, my employment contract with LSU was renewed on an annual academic year basis with a term of one year. I never signed any other employment contract with LSU.
Dr. Ashe did not introduce evidence of any communications to or from LSU that addressed the duration of her final appointment before it commenced.
In support of her claim of insufficient notice, Dr. Ashe relied upon the regulatory provision previously quoted herein and also offered an email dated August 26, 2010, sent to her by a representative of LSU who stated that “the University did not think it necessary to send you a letter last January” because Dr. Ashe’s employment was “not considered full time.”
The trial court found that Dr. Ashe was a part-time employee and on that basis granted summary judgment in favor of LSU and dismissed Dr, Ashe’s claims with prejudice and at her costs. Dr. Ashe appeals and assigns as error (1) the trial court’s failure to find that she had an annual appointment under the terms of her employment contract, and that LSU breached the contract by terminating her employment before the end of that annual appointment; and (2) the trial court’s Ififinding that she was not entitled to notice that she would not be reappointed at least twelve months before the expiration of her appointment.
DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. Pro. art. 966 B(2).[5] The summary judgment procedure *233 is favored and is designed to secure the just, speedy, and inexpensive determination of every action. See La.Code Civ. Pro. art.' 966 A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
The burden of proof is on the mover. See La.Code Civ. Pro. art. 966 C(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must, produce factual evidence sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material |7fact, and the mover is entitled to summary judgment as a matter of law. La.Code Civ. Pro. art. 966 C(2); Cason v. Saniford, 13-1825 (La. App. 1 Cir. 6/6/14), 148 So.3d 8, 11, unit denied, 14-1431 (La.10/24/14), 151 So.3d 602.
In her first assignment of error, Dr. Ashe asserts that the trial court erred by failing to find that she had an annual appointment and that LSU breached her contract by terminating her employment before the end of that appointment. The employer-employee relationship is a contractual relationship, and an employer and employee may agree to any terms not prohibited by law or public policy. See Read v. Willwoods Community, 14-1475 (La.3/17/15), 165 So.3d 883, 886-87. Louisiana law provides that employment contracts are either limited term or terminable at will. See La. Civ.Code arts. 2746, 2747. Under a limited term contract the parties agree to be bound for a certain period, during which the employee is not free to depart without assigning causey nor is the employer at liberty to dismiss the employee without cause. Read, 165 So.3d at 887. The period of time that is to be the duration of the contract must be consented to by the parties. The party relying on an alleged contract of employment for a set duration of time has the burden of proving that there was a meeting of the minds on the length of time of the employment. See Read, 165 So.3d at 887; Brodhead v. Board of Trustees for State Colleges and Universities, 588 So.2d 748, 752 (La.App. 1 Cir.1991), unit denied, 590 So.2d 597 (La;1992).
At trial Dr. Ashe would have the burden of proving the term of her employment; therefore, for purposes of this motion for summary judgment, LSU only had to point out an absence of factual support for Dr. Ashe’s claim that her final appointment in 2010 was for a one-year term. See La.Code Civ. Pro. art. 966 C(2). Singer’s affidavit, wherein she attests that Dr. Ashe’s final appointment was from August 16, 2010, through January 21, 2011, together with the [ sdocumentation attached thereto, was sufficient to meet LSU’s initial burden. The burden of proof thus shifted to Dr. Ashe to produce factual evidence sufficient to establish that she will be able to satisfy her burden of proving at trial that the parties agreed to a one-year appointment beginning in August, 2010.
*234 In support of that claim, Dr. Ashe submitted the 1987 contract, which she contends was a one-year appointment, and her affidavit wherein she attests that she was informed the agreement became a “rolling contract” and, unless otherwise informed, she was to assume the terms thereof “remained the same except for the class schedule.” Dr. Ashe maintains that the 1987 contract, with its purported one-year appointment, did not terminate but instead was renewed each year thereafter, providing her with successive annual appointments through and including her final appointment in 2010. This “rolling contract” assertion, however, rests on the false premise that the 1987 contract was a one-year appointment. ■
As acknowledged by Dr. Ashe, the 1987 contract is the only written agreement she ever signed with LSU. By the express provisions of that agreement, it was limited to a four-month appointment from August 18, 1987, through December 16, 1987. Those dates were inserted into blank spaces provided for that purpose on the face of the contract, the only page signed and dated by the parties. While the reverse side of the contract does contain a copy of regulations that, among numerous other items, state that instructors “shall be on an annual appointment,” that statement is in direct conflict with the term of the appointment inserted into the agreement by the parties. It is well established that when the printed provisions of a contract irreconcilably conflict with the provisions added by the parties, the added provision? will control. See Clovelly Oil Co., LLC v. Midstates Petroleum Co., LLC, 12-2055 (La.3/19/13), 112 So.3d 187, 193. Here, the term inserted by the parties into the contract, August 18, 1987, through | ¡December 16,1987, is controlling and establishes that the 1987. contract was a four-month appointment. If, as Dr. Ashe' asserts in her' affidavit,' that agreement became a “rolling contract” with all of the terms remaining the same except for the class schedule, it does not support her claim of- a one-year appointment in 2010.
In a somewhat related argument, Dr. Ashe relies upon the fact that, after her initial appointment, -LSU regularly gave Dr. Ashe annual appointments. Therefore, according to Dr. Ashe, her final appointment in 2010 must likewise have been for one year. LSU acknowledges that after the initial appointment, Dr. Ashe received annual appointments over the course of her employment until her last appointment in 2010. That appointment, as Singer attested, was limited to August 16, 2010, through January 21, 2011. Dr. Ashe offered no evidence of any communication by and between the parties reflecting anything to the contrary. The mere fact that LSU previously gave annual appointments to Dr. Ashe did not obligate it to continue to do so. At the expiration of each of those previous appointments, Dr. Ashe became a “free agent to whom the University System [had] no obligation.” LSU could have elected not to reappoint her or, alternatively, to reappoint her for a term of some duration less than one year. It was under no contractual obligation to reappoint Dr. Ashe for any certain period of time.
Dr. Ashe failed to produce factual evidence sufficient to establish that she will be able to satisfy her burden of proving at trial that the'parties agreed to a one-year appointment beginning in August 2010. Absent such evidence, the trial court did not err in summarily dismissing Dr. Ashe’s claim that LSU terminated her employment before the expiration- of its term. The first assignment of error has no merit.
.Dr.. Ashe next argues that LSU failed to give her proper notice of its inten *235 tion not to reappoint her. In an email dated September 20, 2010, LSU notified 11flDr. Ashe that she would not be reappointed after the expiration of her appointment ending on January 21, 2011. Dr.. Ashe contends this notice was insufficient and cites LSU’s regulation providing that when an employee is not to be reappointed, “written notice to the employee will ordinarily be provided .., [a]t least 12 months before the expiration of an appointment after.two or more years .of service on that campus.” LSU counters that this provision does not apply to part-time employees, who customarily receive thirty-days notice according to Singer’s affidavit, and that the regulatory provision cannot reasonably be construed to apply to an employee who is appointed to a term of less than twelve months.
The statutory and jurisprudential rules for statutory construction arid interpretation apply equally well to rules and regulations. LaMartina v. Louisiana Patient’s Compensation Fund, 07-2281 (La.App. 1 Cir. 7/21/08), 993 So.2d 249, 253 n. 5. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in seareh of the intent of the legislature. La. Civ.Code art. 9; see also La. R.S. 1:4; In re Clegg, 10-0323 (La.7/6/10), 41 So.3d 1141, 1154 (per curiam). However, when the literal construction of a statute produces absurd or unreasonable results, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result. Hall v. Brookshire Brothers, Ltd., 02-2404 (La.6/27/03), 848 So.2d 559, 570.
We first note that the regulation at issue does not purport to apply in all instances, as it states that the twelve-month notice will “ordinarily” be provided to employees with the requisite years of service at the same campus. As LSU points out, when an employee is appointed for less than twelve months, providing twelve months advance notice that she will not be heap-pointed would require . LSU to notify the employee of its intent not to renew the appointment before the \ ^appointment even begins. In this instance, under Dr. Ashe’s, proposed interpretation, LSU would have been required to notify her that her appointment would not be renewed a full seven months before the beginning of the appointment. We do,not believe the regulation was intended to produce such an impractical procedure for notification.
We are also mindful that a reviewing court should afford considerable weight to. an administrative agency’s construction and interpretation of its rules and regulations adopted under a statutory scheme that the agency is entrusted to administer, and its construction and interpretation should control unless they are found to be arbitrary, capricious, or manifestly contrary to its rules and regulations. See Wright v. Board of Supervisors of Louisiana Community and Technical College System, 06-0864, 2007 WL 466763, p. 3 (La.App. 1 Cir. 2/14/07); Delahoussaye v. Board of Supervisors of Community and Technical Colleges, 04-0515 (La.App. 1 Cir. 3/24/05), 906 So.2d 646, 649.
LSU interpreted the twelve-month notice provision to be applicable only to full-time employees. The regulations attached to Singer’s affidavit limit part-time academic staff to appointed terms not exceeding one academic' or fiscal year. As previously expresséd, adherence to the twelvemonth notice provision is essentially unworkable if the employee’s appointed term is less than twelve months. Singer’s affidavit also establishes that LSU has a longstanding practice of providing parttime academic staff at least thirty days notice if *236 they will not be reappointed. Dr. Ashe produced no evidence disputing the existence of that practice. Considering all of the foregoing, we cannot say that LSU’s interpretation of it regulation, which renders it applicable only to full-time employees, is arbitrary, capricious, or manifestly contrary to its rules and regulations.
[12For these reasons, we find no error in the trial court’s conclusion that Dr. Ashe was not entitled to twelve months advance notice prior to the nonrenewal of her appointment. This assignment of error has no merit.
CONCLUSION
We affirm the summary judgment dismissing the plaintiffs claims with prejudice. All costs of this appeal are assessed to Dr. Althea Ashe.
AFFIRMED.

. Louisiana Revised Statute 17:3351 A(12) vests LSU with the authority to adopt, amend, . or repeal rules ■ and regulations necessary or proper for the government of the university. See also La, Const. Art. VIII, § 7; La. R.S, 17:3218 and 17:3351 B.

. The record does not clearly reflect why Dr. Ashe’s employment ended one day before the previously notified date of termination, but no issue is made of this discrepancy by either party on appeal.

. The regulation further provides that for employees with only two years of academic service at the same campus, at least six months notice of non-reappointment would ordinarily be provided, and for employees with only one year of academic service, advance notice of at least three months would ordinarily be provided. The parties do not dispute that Dr. Ashe had .more than two years of service on the same campus.

. The regulations attached to Singer’s affidavit contain an exception requiring only ninety days notice for an "Associate,” a term that is not defined in the limited excerpt attached to the affidavit.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or *233 appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.