McCLENDON, J.
*352 The Louisiana Department of Revenue ("LDR") and Kimberly Robertson, Secretary of LDR, seek review of the trial court's judgments certifying a class action and denying their exceptions raising the objections of lack of procedural capacity and improper use of class action procedure. For the reasons that follow, we deny the writ seeking review of the exceptions, vacate the certification of the class as currently compromised, and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
Plaintiff in this matter, Sarah Gross, contracted with a solar panel company to purchase and install a solar energy system ("System") at a price of $ 25,000.00 in March of 2015. According to Gross, she was incentivized by the solar energy systems tax credit afforded in LSA-R.S. 47:6030, which was in effect at the time she installed her System. At the time Gross installed her System, LSA-R.S. 47:6030(B)(1) allowed a tax credit for the purchase of a System equal to fifty percent (50%) of the first $ 25,000.00 of the cost of a System provided the System was purchased and installed between January 1, 2008, and January 1, 2018.
In the 2015 Regular Session, the Legislature amended LSA-R.S. 47:6030, effective June 29, 2015, placing caps on the total amount of tax credits awarded as follows: (1) a maximum of $ 10 million for credits claimed on tax returns filed on or after July 1, 2015, and before July 1, 2016; (2) a maximum of $ 10 million for credits claimed on tax returns filed on or after July 1, 2016, and before July 1, 2017; and (3) a maximum of $ 5 million for credits claimed on tax returns filed on or after July 1, 2017. The amended statute further provided that the grant of credits was to be done on a first-come, first-served basis.[1]
In early 2016, Gross submitted her 2015 tax return seeking her tax credit for the System. On July 1, 2016, LDR announced that it had exceeded the $ 10 million cap on System credits for the fiscal year 2015-2016 by $ 14 million. On July 18, 2016, LDR notified Gross that the cap limits were met for both the 2015-2016 and 2016-2017 fiscal years prior to the receipt of her application for the System credit. Gross was further notified that her credit was being reviewed for the 2017-2018 fiscal year, which had a cap of $ 5 million for credits. On August 25, 2016, Gross was notified that her claim had priority status for the 2017-2018 fiscal year and that her 2015 tax return would be processed without the application of the tax credit. Further, *353 LDR informed Gross that the 2017-2018 fiscal year credit would be applied to her account and any resulting refund would be issued between August 15, 2017, and September 30, 2017.
On September 12, 2016, Gross filed a "Class Action Petition" naming the Louisiana Department of Revenue and Kimberly Robinson, Secretary for the Louisiana Department of Revenue, (hereinafter collectively referred to as "LDR"), as defendants. Gross alleged that under the version of LSA-R.S. 47:6030 applicable at the time her System was purchased and installed, she obtained a vested right to the tax credit up to $ 12,500.00. Gross alleged that the amended statute, which was made effective on June 19, 2015, was a substantive law modifying and destroying Gross' vested right to a tax credit for the System she purchased and installed. Gross, alleging that this legislative action is unconstitutional and in violation of her due process rights under the state and federal constitutions, sought a declaration that the retroactive application of the statute, as amended and made effective on June 19, 2015, is unconstitutional. Gross sought recovery of the full amount of her tax credit of $ 12,500.00, plus interest, consequential damages due to the delay and/or denial of the credit, and attorney's fees and costs.
Gross, on behalf of a purported class, also made the following allegations: (1) there were over 1,500 affected taxpayers who purchased and installed Systems prior to the effective date of the amendment to LSA-R.S. 47:6030 ; (2) there were common issues of law and fact; (3) the claims of Gross are typical of the claims of the purported class; (4) she would fairly and adequately represent the class; and (5) that a class action procedure was the superior method for the fair and efficient adjudication of the claims asserted.
On the same day Gross filed the "Class Action Petition," she also filed a motion for class certification and propounded discovery. In her motion for class certification, Gross defined the proposed class as follows:
All persons who purchased and installed a solar electric system at a Louisiana residence in compliance with all of the requirements set forth in La. R.S. 47:6030 prior to June 19, 2015 (the "Purchase"), the effective date of the Louisiana Legislature's passage of Act 131 during the 2015 Regular Session amending La. R.S. 47:6030, who thereby obtained a vested right to a solar energy system tax credit as a result of said Purchase and who: (a) filed a tax return, otherwise complied with the tax credit application requirements set forth in La. R.S. 47:6030, and had any portion of their Purchase-related tax credit(s) withheld or denied; or (b) who timely file[d] a tax return after the filing of this petition and otherwise complied with the tax credit application requirements set forth in La. R.S. 47:6030, and who have any portion of their Purchase-related tax credit(s) withheld or denied.
On October 19, 2016, LDR filed multiple exceptions which are not at issue herein.[2] Thereafter, on February 14, 2017, LDR answered the "Class Action Petition" and filed the dilatory exception raising the objection of lack of procedural capacity and the peremptory exception raising the objection *354 of improper use of class action procedure.
On March 27, 2017, the trial court held a hearing on the motion for class certification and on the exceptions raised in LDR's February 14, 2017 pleading. At the conclusion of the hearing, the trial court denied LDR's exceptions and granted class certification, adopting as reasons for its judgments the memorandums in opposition and support, respectively, filed by Gross. On April 25, 2017, the trial court signed a judgment granting "the Motion for Class Certification sought herein by Plaintiff, Sarah Gross."[3] On May 4, 2017, the trial court signed a judgment denying LDR's exceptions.
LDR timely filed an appeal of the April 25, 2017 judgment certifying the class. A judgment certifying a class is an appealable judgment. LSA-C.C.P. art. 592A(3)(c). On appeal, LDR assigns eight specific errors challenging the trial court's certification of the class.
LDR also timely filed a notice of intent to seek review on writs of the denial of its exceptions raising the objections of lack of procedural capacity and improper use of class action procedure. On July 10, 2017, a panel of this court, apparently recognizing the issues raised in the supervisory writ to be intertwined with those on appeal, referred LDR's supervisory writ application to this panel considering the appeal of the class certification issue.[4]
DISCUSSION
The Department's Application for Supervisory Writs
In its writ application, the Department seeks review of the trial court's denial of its exceptions raising the objections of lack of procedural capacity and improper use of class action procedure. In the writ application, the Department challenges Ms. Gross' representation of those individuals whose claims were denied and who did not seek to appeal their denial to the Board of Tax appeals in accordance with LSA-R.S. 47:1625.[5] In *355 Ulrich v. Robinson , 17-1119 (La.App. 1 Cir. 11/1/18), 265 So.3d 108, 2018 WL 5732837, this court reviewed many of the same issues related to the instant appeal. Specifically at issue therein was class certification of those individuals who were denied the tax credit, whereas this class involves those individuals whose credits were denied and deferred. In Ulrich , the Department, via supervisory writs, also sought review of the trial court's rulings denying its exceptions raising the objections of lack of procedural capacity and improper use of class action procedure. This court denied the writ application, noting that the arguments relative to those exceptions "are more applicable to the issue of whether the class was properly certified." 2018 WL 5732837 at *4. As such, for the same reasons set forth in Ulrich , we likewise deny the Department's writ application and address these issues in the class certification analysis below. Id. Moreover, we deny as moot the Department's motion to supplement the writ application. Even so, we recognize that many of the documents the Department sought to supplement the writ with are included in the record on appeal.
The Department's Appeal
A class action is a nontraditional litigation procedure that permits a representative with typical claims to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common interest to persons so numerous as to make it impracticable to bring them all before the court. Baker v. PHC-Minden, L.P. , 14-2243 (La. 5/5/15), 167 So.3d 528, 537. The purpose of the procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the representatives who bring the action, but to all others who are "similarly situated," provided they are given adequate notice of the pending class action and do not timely exercise the option of exclusion from the class. Paradise v. Al Copeland Investments, Inc. , 09-0315 (La.App. 1 Cir. 9/14/09), 22 So.3d 1018, 1021.
Louisiana Code of Civil Procedure article 591(A) provides that a class action is a proper procedural device when:
1) The class is so numerous that joinder of all members is impracticable.
2) There are questions of law or fact common to the class.
3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
4) The representative parties will fairly and adequately protect the interests of the class.
5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case. This prerequisite shall not be satisfied if it is necessary for the court to inquire into the merits of each potential class member's cause of action to determine whether an individual falls within the defined class.
The five prerequisites for class certification in Article 591(A) are generally called numerosity, commonality, typicality, adequate *356 representation, and an objectively definable class. Display South, Inc. v. Graphics House Sports Promotions, Inc. , 07-0925 (La.App. 1 Cir. 6/6/08), 992 So.2d 510, 518, writ not considered, 08-1562 (La. 10/10/08), 993 So.2d 1274. Under LSA-C.C.P. art. 591(B), each of these requirements must be met for an action to be maintained as a class action.
The party seeking to maintain the class action has the burden of establishing that the statutory criteria have been met. Baker v. PHC-Minden, L.P. , 167 So.3d at 539. Thus, Ms. Gross was required to prove: (1) the five prerequisites of Article 591(A) ; (2) that questions of law or fact common to the members of the class predominate over individual issues; and (3) that the class action is superior to any other method for resolving the controversy fairly and efficiently under Article 591(B).
We note that the class certified by the trial court includes individuals who had any portion of their Purchase-related tax credit(s) withheld or denied. Ms. Gross' claim arises from her tax credit being withheld, not denied.[6] As explained in Ulrich , a plaintiff only has standing to seek review of the denial of a tax credit if they appealed the denial to the Board of Tax Appeals ("BTA"). In Ulrich , this court determined that while putative class members appealed their respective claims to the BTA within the appropriate time period, the record was devoid as to whether the other purported class members appealed to the BTA, making it unclear whether each purported class member had standing in the district court action. If a purported class member lacked standing, this court concluded that the putative plaintiffs cannot represent them in the district court action. As such, this court ultimately determined that the requirements under LSA-C.C.P. art. 591 had not been met such that the trial court manifestly erred in certifying the class.
Under the rationale in Ulrich , Ms. Gross clearly cannot represent those individuals whose claims were denied and who did not seek review with the BTA. We recognize that the certified class at issue here also included all individuals whose claims were deferred as well as those individuals whose claims were denied and who did seek review with the BTA.[7] Ms. Gross could potentially represent those individuals if the certification requirements in LSA-C.C.P. art. 591 are met. Nevertheless, in certifying the class, the trial court included parties whose claims were both denied, whether they sought review from the BTA or not, as well as those individuals whose claims were deferred. In light of Ulrich , however, the class as currently certified is not proper.
Under LSA-C.C.P. art. 592A(3)(d), the trial court can alter, amend, or recall its initial ruling on certification and may enlarge, restrict, or otherwise redefine the *357 constituency of the class or the issues to be maintained in the class action. Given this court's ruling in Ulrich and the authority vested in the trial court under 592A(3)(d), we vacate the class certification and remand this matter to the trial court to consider whether certification of a more limited class is appropriate under LSA-C.C.P. art. 591.
CONCLUSION
For the foregoing reasons, we deny the Department's writ application and we deny as moot the Department's motion to supplement its writ application. Additionally, we vacate the trial court's judgment certifying the matter as a class action and remand this matter to the trial court to determine whether certification of a more restricted class may be appropriate. Costs of this appeal in the amount of $ 2,458.00 are assessed equally between the appellant and appellee.
WRIT DENIED; MOTION TO SUPPLEMENT WRIT APPLICATION DENIED AS MOOT; JUDGMENT CERTIFYING CLASS VACATED; MATTER REMANDED.

The amended statute also only allowed a tax credit for the purchase of a System equal to fifty percent (50%) of the first $ 25,000 of the cost of a System if the System was purchased and installed between January 1, 2008, and July 1, 2015. See La. Acts 2015, No. 131, § 1.

Specifically, LDR urged dilatory exceptions raising objections of prematurity and vagueness, a declinatory exception raising the objection of lack of subject matter jurisdiction, and peremptory exceptions raising objections of no right of action and no cause of action. Those exceptions were resolved by the trial court in a March 1, 2017 judgment. That judgment is not at issue herein.

While it would be preferable for the class to be defined in the judgment itself, the parties do not dispute that the class certified by the trial court was the class set forth in Ms. Gross' motion. Moreover, the class definition was introduced as a separate document at the hearing on the motion and is the same definition provided in Ms. Gross' motion.

The LDR also filed a motion to supplement its writ application, which motion was also referred to the appeal panel.

Louisiana Revised Statutes 47:1625 provides the procedure for appealing the disallowance of a claim for a refund and provides as follows:
A. (1) If the collector fails to act on a properly filed claim for refund or credit within one year from the date received by him or if the collector denies the claim in whole or in part, the taxpayer claiming such refund or credit may appeal to the Board of Tax Appeals for a hearing on the claim filed. No appeal may be filed before the expiration of one year from the date of filing such claim unless the collector renders a decision thereon within that time, nor after the expiration of sixty days from the date of mailing by registered mail by the collector to the taxpayer of a notice of the disallowance of the part of the claim to which such appeal relates.
(2) A taxpayer's proper appeal to the Board of Tax Appeals within sixty days from the date on any notice of disallowance issued shall also establish that the appeal was filed within sixty days from the date of certified or registered mailing of the notice.
B. A notice of disallowance, if issued, shall inform the taxpayer that he has sixty days from the date of the certified or registered mailing of that notice to appeal to the Board of Tax Appeals, and that any consideration, reconsideration, or action by the collector with respect to such claim following the mailing of a notice by registered mail of disallowance shall not operate to extend the period within which an appeal may be taken.
C. In answering any such appeal, the collector is authorized to assert a demand for any tax and additions thereto that he may deem is due for the period involved in the claim for refund or credit, and the Board of Tax Appeals shall have jurisdiction to determine the correct amount of tax for the period in controversy and to render judgment ordering the refunding or crediting or any overpayment or the payment of any additional tax, interest and penalty found to be due.

In a letter the Department sent to Ms. Gross dated August 25, 2016, the Department indicated, in part:
The Louisiana Department of Revenue will process your tax return filed in fiscal year 2015-2016 without the solar energy system credit. Once the credit is removed from your return, any refund due will be issued to you before September 30, 2016. If removing the credit creates a balance due, you will receive notification of the balance along with further instructions.
No additional claim or filing is necessary to receive your solar energy credit in fiscal year 2017-2018. The Department of Revenue will apply your fiscal year 2017-2018 solar tax credit to your account and any resulting refund will be issued to you between August 15, 2017 and September 30, 2017.

The defendants do not assert that those individuals whose claims were deferred had to file an appeal with the BTA.